## Lake Erie & W. R. R. Co. v. Theodosia Wilson, Adm'x.

1. MASTER AND SERVANT—*Duty of the Master—Province of the Jury.*—It is the duty of the master to furnish reasonably safe premises for the operation of his business, and it is the province of the jury to determine whether at the time of the injury the premises were so.

2. EVIDENCE—*Photographs.*—The admission of photographs in evidence is always subject to the discretion of the trial court, in view of other established facts, and when it is not shown that they lead to develop anything new or strengthen the proofs, their rejection is not error.

**Action for Damages.**—Death from negligence.   Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge. presiding.   Heard in this court at the November term, 1899. Affirmed.   Opinion filed February 27, 1900.

H. M. STEELY, attorney for appellant; JOHN B. COCKRUM, of counsel.

MABIN & CLARK, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant was sued by appellee in this action on account of negligence resulting in the injury and death of Art. M. Wilson, appellee's intestate.   The declaration, on two counts, of which only issues were joined, charges that appellant negligently permitted grass and weeds to grow between the rails of its side track at Rankin, Illinois, thereby rendering it dangerous and unsafe to couple and uncouple cars there, and that while Art. M. Wilson, in the discharge of his duties as switchman for appellant there, in the exercise of ordinary care for his own safety, was coupling cars, his

L. E. & W. R. R. Co. v. Wilson.

foot caught in such grass and weeds and he was thrown down and injured by the cars, which injuries resulted in his death; and that in like manner his death was caused by reason of a hole in the ballasting of such side track, in which deceased caught his heel. Trial by jury resulted in a verdict and judgment against appellant for $2,000, which by this appeal it is sought to have reversed; various errors being urged, as alleged, to attain that object.

Appellee maintained a side track at Rankin, Illinois which was used for switching purposes. It is clearly shown though the evidence is conflicting in other phases of the case, that numerous weeds, called rag weeds, grew between the rails of this side track and that at a place where deceased fell a shallow depression existed by the side of a tie between the rails; and that the deceased, while acting in the line of his employment on the night of August 23, 1898, went on the side track to couple cars, and as the moving section of the train approached the standing car, he stepped his left foot between the rails to set the coupling pin and insert the link. Instantly the engineer received a signal to stop, and on doing so it was found that deceased had been caught by the wheels and dragged a considerable distance on the track, and his left leg crushed; from which injury he expired after a few hours. An impression, probably made by the heel of his shoe, extended the length of the distance he was dragged, from the depression or hole at the side of the tie where he stepped in. Much evidence was had relative to the size of this hole; but independently of its size it is well established such a place was there. To the credibility of a colored witness who testified at the instance of appellee, much impeaching evidence was directed. It further appears from the evidence that deceased had been employed by appellant for six months; and that it was customary in the performance of his duties in making couplings with link and pin to step one foot between the rails. Appellant offered proof that the side track was ballasted in the usual and customary manner; and objection being made to its introduction, the court sustained the objection, which action of

the court is considered by appellant prejudicial error. To the introduction of certain photographs offered by appellant, the court also sustained objections; which is also presented to this court as error. It is further urged that the court admitted improper and excluded proper evidence and gave improper and refused proper instructions; and that a motion presented and an instruction offered at the close of appellee's evidence, and again at the close of all the evidence, in substance, to exclude the evidence and direct a verdict for appellant, should have been allowed and given and was erroneously refused.

The testimony of the colored witness, a roving fellow, was to the effect that he was present when the injury occurred and was then holding a lantern for the deceased; and as Wilson stepped between the rails his left feet went into a depression and he sank to his knees where the wheels caught him. The witness also stated that a few minutes after the accident he took parts of weeds from the shoe latches of deceased. In view of the character of the impeaching evidence offered against the credibility of this witness it may be proper to discuss briefly the probative force of all the evidence exclusive of his testimony. When the deceased stepped with one foot between the rails to make this coupling, it so sufficiently appears that he was acting in the line of his employment in the usual and ordinary manner, under the circumstances then confronting him, that the ordinary mind is compelled to conclude that he was exercising that ordinary care for his own safety commensurate with the law of the land. Opportunities were there for producing just the accident which befell him—a depression or hole, and weeds growing about—and it is not without the bounds of ordinary human knowledge to conclude from all the circumstances in this record that such was the cause of his death. Certainly it was the duty of the master to furnish reasonably safe premises for the operation of this business; and it was the duty of the jury to determine whether at the time of the injury the premises were so. In this they found against appellant, which in the con-

dition of the proof must be taken as final. The proof tending to show that the condition of the ballast at this particular point was due to operations of other workmen of appellant, who had charge of this track, it surely follows that appellant is chargeable with notice; coming at last within all rules prescribing its liability in such cases.

As to the contention that it was error to exclude proof that the side track was ballasted and maintained in the usual and customary manner, we need only revert to the issues to determine that the general condition of the ballast of the track was not open to the consideration of the jury; it was only material what such condition of the premises was at the particular point of this occurrence, clearly defined by the evidence. With that in view it was wholly proper and not error to sustain the objection. While the photographs offered by appellant may have been admissible, as is contended, yet it is not seen that they develop anything new or strengthen the proof for appellant. Their admission is ever subject to the discretion of the trial court, in view of other established facts, which, sensible of its obligation relative thereto, excluded them. We can not hold that action of the court an abuse of that discretion; it was not prejudicial error.

According to the views expressed here, sufficient proof tending to uphold the position of appellee was presented at the times motions to exclude the evidence and instructions to direct a verdict were made, to warrant submitting it to the jury. Such was the action of the court and in it there was no error.

It being urged that several instructions were improperly given for appellee and some improperly refused for appellant, the instructions complained of have been carefully examined. It is found that no substantial error exists in the instructions. They seem to state the law applicable to the case, and the principles contained in those refused were contained in others given.

Finding no substantial error, the judgment of the Circuit Court will be affirmed.