## Chicago & E. I. R. R. Co. v. William M. Lawrence.

1.  RAILROADS—*Maintaining Dangerous Places at Stations—Intoxicated Patrons.*—The fact that a person was injured by the negligence of a railroad company in keeping an open and unguarded stairway at the end of its station platform into which such person fell while intoxicated will not excuse the company in maintaining a dangerous place where persons in the exercise of ordinary care would be injured in consequence.

2.  EVIDENCE—*Admissibility of Photographs.*—In an action against a railroad company for personal injuries, photographs of the place of the accident taken subsequently to the injury are admissible in evidence where the conditions of the place have not changed between the time of the accident and the taking of the photograph.

3.  BILLS OF EXCEPTIONS—*To Be Construed Against the Party Presenting Them.*—A bill of exceptions is in the nature of a pleading of the party presenting it and is to be construed most strongly against such party, and in the absence of a ruling upon an objection without a reason it will be presumed that the objection was either waived or withdrawn by the party who made it.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

H. M. STEELY, attorney for appellant; W. H. LYFORD, of counsel.

MABIN & CLARK, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee brought this suit against appellant to recover for injuries received by him in consequence of the alleged negligence of the appellant. A trial by jury ended in a verdict and judgment against appellant for $1,000, to reverse which this appeal is brought.

It is argued the court admitted improper evidence, rejected proper evidence offered by appellant, refused to rule upon objections made by appellant to improper questions asked by the plaintiff of the witnesses, misdirected the jury prejudicially, modified instructions to the jury, and the verdict is contrary to the law and the evidence of the case.

Appellee went to appellant's station at Rossville to take the 2:30 A. M. train to Danville, and, as he testified, when he heard the train whistle for the station he started to go to the north end of the depot where the train usually stopped to discharge and receive passengers. The night being dark and no lights, he kept close to the side of the building to guide himself, a companion being in company with him. Just as he reached the north end of the building, to give his companion more room, he suddenly side-stepped to the left, and fell into an open and unguarded stairway that led to the basement and heating plant of the station house, and thereby broke his leg. The negligence charged in the declaration was a failure to properly guard the open stairway and in properly lighting the station and platform. The evidence for the defense tended to show that appellee at the time of his injury was drunk, and not in the use of ordinary care, and we are compelled to say that the proof did show he had been drinking freely and was more or less intoxicated, although this was a mere circumstance to be considered, with all the other evidence, by the jury in determining whether he was in the exercise of due care, and whether his injury was the result of such intoxication, or the effect of the alleged negligence of the defendant. The intoxication of appellee would not excuse appellant in maintaining a dangerous place, if from the evidence it did so, where persons in the exercise of ordinary care would be injured in consequence thereof. The court refused to admit in evidence photographs of the building showing the stairway and its surroundings, but did admit a blue print plat, fully describing the ground plans of the building, stairway, platform and tracks. It is argued, under the authority of L. E. & W. R. R. Co. v. Wilson, 189 Ill. 89, that it was prejudicial error to reject the photographs from the evidence. We held in the same case, 87 Ill. App. 360, that while the photographs offered may have been admissible, yet it was not seen that they developed anything new or strengthened the proof; that their admission was subject to the discretion of the trial court, in view of other established facts,

following in this respect, as we then understood, the previous rulings of the Supreme Court in C., C., C. & St. L. Ry. Co. v. Monaghan, 140 Ill. 474, where it was said the preliminary question of fact as to the verification of the pictures is addressed to the discretion of the trial judge, and his discretion thereon is not subject to exception; citing Blair v. Pelham, 118 Mass. 420; Hollenbeck v. Rowley, 8 Allen, 473; Randall v. Chase, 133 Mass. 210; Locke v. S. C. & P. P. R. Co., 46 Iowa, 109; Ruloff v. People, 45 N. Y. 213. But subsequently, in the Wilson case, the Supreme Court reversed the judgment because the photographs were not admitted; and under the authority of that case we feel compelled to hold that not to have admitted the photographs in evidence was prejudicial error in this case.

The complaints of the instructions to the jury we think are not well founded. The instructions, taken as an entire charge, we think fairly gave the law to the jury, and the modifications were not prejudicial. There were no prejudicial rulings upon the evidence other than already pointed out. The failure of the court to rule upon certain questions is not clear from the record. It may be the appellant, by not insisting upon its objections, waived them. It frequently occurs, as we know, in the trial courts, that in the stress of the examination of a witness, objections are made and hurried over without giving the court time to pass upon them, and the party making the objection, appears to the court as abandoning, by not insisting upon them, and the objection, under the system of shorthand reporters, thus goes upon the record without the attending circumstances. We can not doubt the trial court would rule upon all objections, unless it considered them waived or withdrawn, and this we feel compelled to presume, without an affirmative statement in the bill of exceptions to the contrary. A bill of exceptions is in the nature of a pleading of the party presenting it, and is therefore most strongly construed against such party (Rogers v. Hall, 3 Scam. 5); and in the absence of a ruling upon an objection without a reason, it will be presumed the objection was either waived or withdrawn by the party who made it.

For the error in refusing to admit the photographs in evidence, the judgment of the Circuit Court is reversed and the cause remanded for a new trial.

Reversed and remanded.