## LUKE K. BLAIR *vs.* INHABITANTS OF PELHAM.

Hampshire.   September 21. — 22, 1875.   AMES & DEVENS, JJ., absent.

In an action against a town to recover for injuries caused by a defect in a highway, which the town is bound to keep in repair, a photograph of the place is admissible in evidence, if verified by proof that it is a true representation, to assist the jury in understanding the case; and whether it is sufficiently verified is a preliminary question of fact to be decided by the judge presiding at the trial, and his decision thereon is not subject to exception.

In an action against a town to recover for injuries caused by a defect in a highway which the town is bound to keep in repair, evidence of an injury sustained a year before at the same place by a third person, of which the town had notice, is inadmissible, especially if it appears that the highway has been in the same condition for twenty-four hours before the injury sued for.

TORT for injuries occasioned by an alleged defect in a highway which the defendant was bound to keep in repair.   Writ dated September 8, 1874.

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiff put in evidence tending to show that he was travelling in the night time with a horse and buggy; that there was a mud hole in the centre of the road which caused the travel to take one side or the other of this hole; that the road was a raised

causeway built through a hollow, the embankment, which was not protected by a rail, being twenty-three inches high; that the horse and buggy went off the embankment. The plaintiff also put in evidence a plan of the road, at the place of the accident, made by a surveyor who testified to certain measurements made by him indicated on the plan. The defendant put in evidence a photograph of the place of the accident, which was not exhibited to the jury, until evidence of the photographer, who took it, was put in. He testified that the photograph was taken by him in December, 1874, and that the position of his instrument, in taking it, was in the middle of the road, about one rod from where the face of the picture begins; that he made no measurements; but made the photograph as fairly as could be. The plaintiff objected to the admission of the evidence.

As tending to show that the defendant had knowledge of the dangerous condition of the road at the place of accident, the plaintiff offered to show that in the year before the accident in question, a person with a horse and carriage went off the same embankment, when the road was in the same condition as at the time of the plaintiff's accident, and that the selectmen and surveyor were then notified that the road was dangerous for want of a railing; but there being no dispute that the road had been for more than twenty-four hours in the same condition as at the time of the accident, the judge excluded the evidence.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*C. Delano*, for the plaintiff.

*D. W. Bond*, for the defendant, was not called upon.

GRAY, C. J. 1. A plan or picture, whether made by the hand of man or by photography, is admissible in evidence, if verified by proof that it is a true representation of the subject, to assist the jury in understanding the case. *Marcy* v. *Barnes*, 16 Gray, 161. *Hollenbeck* v. *Rowley*, 8 Allen, 473. *Cozzens* v. *Higgins*, 1 Abbott N. Y. 451. *Ruloff* v. *People*, 45 N. Y. 213. *Udderzook* v. *Commonwealth*, 76 Penn. St. 340. *Church* v. *Milwaukee*, 31 Wisc. 512. Whether it is sufficiently verified is a preliminary question of fact, to be decided by the judge presiding at the trial, and not open to exception. *Commonwealth* v. *Coe*, 115 Mass. 481, 505. *Walker* v. *Curtis*, 116 Mass. 98.

2. The evidence of what happened at the same place the yeaı before was rightly rejected; because it tended to raise a collateral issue; and because, it being admitted that the highway had been in the same condition for twenty-four hours before the injury now sued for, the previous length of time for which it had existed was immaterial. *Aldrich* v. *Pelham*, 1 Gray, 510. *Payne* v. *Lowell*, 10 Allen, 147.                     *Exceptions overruled.*