## PAUL N. RANDALL vs. WILLIAM H. CHASE.

Middlesex.   May 6. — July 3, 1882.

A. conveyed to B., his heirs and assigns, "a privilege of passing and repassing
with carriages or otherwise, as the said B. may elect, in the driveway by the
westerly end and southerly side" of a certain block of buildings, "to land of B.,
said driveway to be kept not less than twelve feet wide." *Held*, that the right
of way was definitely located twelve feet in width adjoining the buildings, and
was not merely personal to B., but was an easement which B. could convey.

A. conveyed to B. a right of way, describing it as a driveway by the westerly end
and southerly side of a block of buildings to land of B. The land of B. was
afterwards conveyed to C., by a deed describing the way as on the westerly
end and southerly side of said tract of land. In an action by C. against a
grantee of A.'s land for obstructing the way, in which the precise location of
the way was in dispute, it was *held*, that C. was entitled to put in evidence the
deed from A. to B.

In an action of tort for obstructing a right of way, the location of the way was
in dispute, the plaintiff contending that it adjoined a certain block of buildings.
The plaintiff put in evidence a deed, describing the way according to the plain-
tiff's contention. This deed was made more than thirty years before, and the
person who then owned the plaintiff's estate was a party to it. He also subse-
quently owned the defendant's estate. *Held*, that the defendant had no ground
of exception to its admission.

In an action of tort for obstructing a driveway which the plaintiff claimed over
the defendant's land, the location of the way was in dispute. The defendant's
deed described one of his boundary lines as running from the county road about
thirty-eight feet to the centre of a driveway. *Held*, that the establishment of
the line of the county road had some tendency to show where the driveway
was; and that, for this purpose, it was competent to show the line of occupa-
tion of the county road by fences or projections of buildings. *Held, also*, that a
photograph of these structures was admissible in evidence, to assist the jury in
understanding the case, if verified by proof that it was a true representation.

Where the defendant, in an action against him for obstructing a right of way, con-
tends that he has acquired such right by adverse possession, evidence is inad-
missible that the way has been similarly obstructed by other persons in places
over which the plaintiff did not have occasion to pass in reaching the highway.

The rule that a deed of a disseisee conveys no title which can be enforced in the
name of the grantee, against the disseisor or his privies, has no application to
a conveyance of an incorporeal hereditament such as a right of way.

No exception lies to the refusal to give an instruction in the language requested, if
it is given in substance.

TORT for obstructing the plaintiff's right of way over the
defendant's land in Hudson. At the trial in the Superior Court,
before *Brigham*, C. J., the jury returned a verdict for the plain-
tiff; and the defendant alleged exceptions, which appear in the
opinion.

*R. Lund & H. F. Hurlburt*, for the defendant.

*G. A. King & J. T. Joslin*, for the plaintiff.

DEVENS, J. 1. The plaintiff claimed a right of way over the defendant's premises, which way he alleged to have been obstructed. This right was asserted to exist both by express grant and by prescription. The way was claimed to be located immediately south of the defendant's building, and to be twelve feet in width. The plaintiff's title came by mesne conveyances from Reuben Hapgood, who, on March 6, 1836, conveyed the premises to Francis Brigham. While Brigham owned the premises, on May 1, 1837, Albert Randall, who then owned the defendant's premises, conveyed to him, his heirs and assigns, what the deed describes as "a privilege at all times of passing and repassing with carriages or otherwise, as the said Francis may elect, without any hindrance or obstruction, in the driveway by the westerly end and southerly side of the block of buildings in which said tenement is situated, to land of said Francis, said driveway to be kept not less than twelve feet wide." This was not, as the defendant contends, a mere personal privilege, but an easement which Brigham could convey; nor was it a grant of a way such as Brigham might elect, but of a way defined by the westerly end and southerly side of the block, and by its width. The election given to Brigham related merely to his mode of using the way, whether "with carriages or otherwise."

Brigham conveyed to Houghton, the plaintiff's intermediate grantor, on November 27, 1845, describing the tract of land by metes and bounds, and the privilege as in "the driveway by the westerly end and southerly side of said tract of land, said driveway to be kept not less than twelve feet wide." When the location of the way was disputed, at the trial, it was proper for a more minute description to refer to the deed under which Brigham obtained a privilege in a way which was alike described as on the southerly side of the block and of the tract on which the block stood. The deed of Randall to Brigham of May 1, 1837, was therefore admissible in evidence.

2. The title of the defendant was derived from Albert Randall, who, after the conveyance of the right of way to Francis Brigham, heretofore stated, conveyed, on December 1, 1837, a tract of land including the premises of the defendant to Luke

Gates, reserving the privilege of the use of a driveway on the east side of said lot, "for the use of the owners or those that may own the tenements in the block adjoining." This tract was conveyed to Francis Conant on July 1, 1838, and by Conant conveyed to Francis Brigham on March 22, 1849, who on January 30, 1860, conveyed the tract in two parcels to Clark and Maynard respectively, the parcel conveyed to Clark being that now owned by the defendant. Each of these parcels is bounded to and by the centre of the driveway, alleged to be obstructed, and is conveyed subject to the right of other owners of the block to pass and repass thereon.

On March 30, 1839, Stephen Pope and others conveyed to each other and to Albert Randall a right of way in a passage or driveway on the southerly side of the block, commencing at the westerly end thereof and terminating at its easterly end, "said passage or driveway to be not less than twelve feet wide and adjoining said block of buildings." The object of this deed was manifestly to give to all the tenants in the block a right of way similar to that obtained by Brigham from Randall. The plaintiff was permitted to give this deed in evidence, as tending to establish by its recitals the location of the driveway, which was the matter disputed at the trial. At the time it was made, it will be observed by the dates heretofore given, Randall, although a grantee, had ceased to be an owner of the tract which included the defendant's premises, and Conant, who then held this tract, was not a party to it. As no one having any interest in the defendant's estate joined in it, the defendant, at the trial, objected to its admission in evidence, on the ground that it could not affect the defendant's estate either to create or locate a passageway. But Francis Brigham, to whom Conant afterwards conveyed and under whom the defendant now claims, then owned the plaintiff's estate, and was a party to it both as grantor and grantee. When he afterwards granted the defendant's estate, bounding it to "the centre of a driveway south of the block," and recognizing the right of the other owners of the block to pass over the way, the claim made by him, when holding the plaintiff's estate, as to the location of the way over the defendant's estate, is admissible as against his grantee, as tending to show that the way described was one "adjoining the block of

buildings." Even if neither claimed under it or the parties to it, this deed was also admissible upon the ground that, having been made more than thirty years, its recitals were competent evidence of the place where the way was located, upon the same principle upon which it has been held that recitals in ancient deeds are evidence upon a question of boundary to prove the position of a line from which the disputed bound can be determined. *Morris* v. *Callanan*, 105 Mass. 129. Nor was the use made of it in the charge of the presiding judge improper, the jury being instructed that, if the way was never practically located otherwise than in the manner and by the continued acts which he described, its situation might be presumed and taken to be, according to the terms of this deed and that of Randall to Brigham in 1837, that of a driveway not less than twelve feet adjoining the block.

3. As the northern boundary of the defendant's estate was on the southerly side of the county road, and as his line ran from that road " about thirty-eight feet south to the centre of the driveway south of the block," if the southerly side of the county road were established, it had some tendency to show where the driveway was. For this purpose it was competent to show where the line of occupation had been for many years, as indicated by the fences, piazzas, or other projections of buildings. Gen. Sts. c. 46, § 1. Nor, if in the opinion of the presiding judge it was sufficiently verified, was it incompetent to use a photographic sketch of the premises to aid the jury in understanding the relation in which these structures stood to the road. *Blair* v. *Pelham*, 118 Mass. 420.

4. The evidence offered by the defendant, that the parties owning tenements east of the defendant's lot had made erections in the rear of and adjoining the south wall of the block, and extending about the same distance therefrom as the obstruction alleged, and that a team could not there be driven within five feet of such wall, was rightly refused. It tended to show an invasion or occupation of the way in another part than that which was in controversy, and over which the plaintiff did not pass in reaching the highway. It had no legitimate bearing on the inquiry whether there had been on the defendant's land such an adverse possession of the way, even if originally granted,

adjoining the building, as would compel the defendant to accept one farther south.

5. The defendant requested a ruling that the plaintiff was not entitled to recover if the defendant's obstructions were on the passageway, substantially as they existed when the action was brought, at the time he took his deed, and this upon the ground that the grantor was thus disseised at the time of his deed. But neither the rule that a party disseised of real estate cannot, except as against himself, convey title thereto, nor the principle of the feudal law on which it is founded, has any application to an easement which is an incorporeal hereditament, of which there can be no seisin. It is a liberty, privilege or advantage, which one man has in the lands of another, and belongs to that class of rights which are said to lie in grant, and not in livery, for, existing only in idea, in contemplation of law they cannot be transferred by livery of possession.

6. There was testimony from Houghton, as well as other witnesses, which tended to show that while he held the plaintiff's estate, even if entitled to a way adjoining the block of buildings, one was accepted, adopted and used eight feet farther south, agreed to by all persons interested, and used by them without objection as the passageway, for more than twenty years before the bringing of the suit. Upon this evidence, the defendant requested the third, fourth and fifth instructions, which were, in substance, that if, while Houghton owned the plaintiff's land and Brigham owned that of the defendant, they, with the consent of all the other owners of rights in the passage, agreed upon, located and worked a passageway across Brigham's lot, that established the location thereof so far as Houghton as well as his subsequent grantees were concerned, and that, if the passage was thus located when the defendant bought, he might rely on it.

We do not perceive that these instructions were not given so far as the defendant was entitled to them. The plaintiff had bought his estate in 1858, and the grant of the way by Randall had been made in 1837. The instructions submitted to the jury the inquiry where this way was practically located by the consent of the parties, and whether, as thus located, it afforded the plaintiff a way south of, and not obstructed by, any of the

buildings which the plaintiff in this action alleged to be erected and maintained in violation of his right in the driveway. They permitted the jury to treat any way, located south of the block, twelve feet in width, which had been maintained, acquiesced in, and used by the parties themselves, or those under whom they claimed, as the driveway to which the case related, and to inquire whether that had been so obstructed by the act of the defendant that the plaintiff did not have a space twelve feet wide for passing and repassing. It was only in case there had been no such practical location that the court held that the situation of the passage must be defined by the deeds of Randall to Brigham, and of Pope and others to Pope and others and Brigham, as adjoining the block.

7. The defendant set up a prescriptive right to maintain the obstructions in the way, and the instruction requested by him was substantially given.

We do not perceive any other exceptions or refusals to instruct according to the defendant's requests which require remark. We have not noticed them in the order of the bill of exceptions, as it seemed less convenient to do so. These requests are numerous, confused and involved, and would sometimes appear rather adapted to embarrass a trial than to elicit a correct result.                              *Exceptions overruled.*