JOHN VERRAN *vs.* PRENTISS C. BAIRD.

Berkshire.     September 10, 1889. — November 26, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Evidence — Photograph.*

On the question of damages to mill property caused by the bursting of a reservoir dam, the photograph of a gully, half-way between the reservoir and the mill and a mile and a half distant from each, taken after the occurrence, was offered in evidence, but without any proof of the previous condition of the gully, or of facts necessary to make it a measure of the volume and force of the escaping water. *Held*, that the judge presiding at the trial, in the exercise of his discretion, rightly excluded the photograph.

TORT against the administrator of the estate of Harrison Garfield, for damage to the plaintiff's mill property, caused by the bursting of a reservoir dam which was built and maintained

by Garfield and others. Trial in the Superior Court, before *Dunbar*, J., who allowed a bill of exceptions, which, so far as material, is as follows.

Evidence was introduced that the plaintiff was the owner of mill property situated about three miles below the reservoir, and that his property was damaged by the water let down by the breaking away of the reservoir dam in question. On the question of damages, and for the purpose of showing the course, effect, and quantity of the water thus escaping, as well as the volume of water in the reservoir at the time the dam gave way, the plaintiff offered in evidence a photograph taken within a few days after the reservoir dam gave way, together with the evidence of the photographer who took it, that it was a correct representation of the place taken, and that the place was in the same condition substantially as the flood of water left it. This photograph represented a gorge washed out by the water at a place in the track of the flood about half-way between the plaintiff's mill, and the reservoir dam, but there was no evidence of the condition of this gorge before the dam gave way and the flood came down, nor of the difference in level between the dam and the gorge and between the latter and the plaintiff's premises, nor of the nature of the surface between the dam and the plaintiff's premises, except what the photograph itself would have shown. The judge excluded the photograph.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*A. J. Waterman & J. F. Noxon*, for the plaintiff.

*C. E. Hibbard*, for the defendant. .

HOLMES, J. We have not the photograph before us, and must assume that it did not show on its face how much of the gorge represented was caused by the flood, and how much of it was there before. There was no offer to prove that fact, or the others which would be necessary to make the gorge a measure of the volume and force of the water which escaped from the dam of the defendant's intestate. The photograph of a gully' half-way between the plaintiff's dam and that of the intestate, . and a mile and a half distant from both, was not necessarily instructive, and unless it was practically instructive it was not competent. The point at which it would become so was to be

determined by the presiding judge upon all the circumstances, just as when sales of neighboring land are offered as evidence of value, and in many other instances. We see no reason to doubt that the discretion of the judge was exercised rightly.

*Exceptions overruled.*