ELLEN FARRELL *vs.* AUGUST WEITZ.

Suffolk.   November 15, 1893. — January 2, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Bastardy Process — Declarations of Third Party — Photograph.*

If at the trial of a bastardy process the fact in issue is the paternity of the child, the defendant cannot put in evidence, to establish it, declarations of a third party made in the absence of the plaintiff, that another person is the father.

At the trial of a bastardy process the defendant cannot offer in evidence a photograph of a third party, deceased, in order that the jury may judge whether the plaintiff's bastard child resembles the third party or the defendant, if the circumstances under which the photograph is offered are not disclosed.

COMPLAINT, under Pub. Sts. c. 85, charging the defendant with being the father of the plaintiff's bastard child.

At the trial in the Superior Court, before *Thompson,* J., the defendant put in evidence the plaintiff's statement that she intended to marry one Leary, that he had got her "fixed," that she was going to make him marry her, and that Leary was the father of her child. The defendant offered evidence of admissions of Leary, who had deceased, that he was the father of the child. The judge ruled that the evidence was inadmissible, and the defendant excepted. The defendant offered in evidence a photograph of Leary, in order that the jury might judge whether the child resembled Leary or the defendant. The judge ruled that the photograph was inadmissible in evidence, and the defendant excepted. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. H. Towle & C. W. Rowley,* for the defendant.

*T. Riley,* for the plaintiff.

MORTON, J.   1. The declaration of Leary was mere hearsay. The fact in issue was the paternity of the child, and the defendant could not establish by the declarations and admissions of a third party, made in the absence of the plaintiff, that another person was the father. *Boyle* v. *Burnett,* 9 Gray, 251. *Young* v. *Makepeace,* 103 Mass. 50. The fact that the declarations and admissions were those of the person whom the defendant alleged to be the father did not render them competent.

Even in questions of pedigree, the relationship must be established in the first instance by some proof independent of the declaration itself.   Taylor, Ev. § 640.

2. The circumstances under which the photograph was offered are not disclosed. It is possible that it was excluded because the court thought that it was not sufficiently verified. If that was the reason, then the ruling was not subject to exception. *Commonwealth* v. *Morgan*, 159 Mass. 375, 378. It does not appear from the exceptions how old the child was, nor that any description was given of Leary's personal appearance. The offer of the photograph appears to have rested simply on the fact that it was a photograph. It is manifest that the photograph would throw no light in some material particulars on Leary's personal appearance, such as the color of his eyes, hair, and complexion. There was no testimony even that it was a good likeness, though we do not mean to intimate that if there had been it would have been admissible. Juries have been permitted to consider the result of their own observations when the child and putative father were both in court, and photographs have been admitted in a great variety of cases, and in some instances to prove identity. But the question in the present case is whether, as the exceptions stand, the exclusion of the photograph was wrong. We cannot say that it was.                      *Exceptions overruled.*