ELIZA J. CAREY *vs.* INHABITANTS OF HUBBARDSTON.

MARIA CUNNINGHAM *vs.* SAME.

Worcester.    October 4, 1898. — October 20, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Due Care — Defect in Highway — Photograph — Evidence — Matter within Discretion of Presiding Justice — Exception — Instructions.*

Whether a photograph is properly verified, and also whether it is practically instructive to the jury, are questions to be determined by the presiding justice under the circumstances.

At the trial of an action for personal injuries occasioned to the plaintiff by the collision of the carriage in which he was riding with a stone in a highway of the defendant town, the judge, after stating to the jury that it was the duty of the defendant to keep the way reasonably safe and convenient for travellers, and to "work sufficient width" for that purpose, submitted to them, under instructions to which no exception was taken, the questions whether a sufficient width was worked, whether the stone was a defect, and whether there was negligence on the part of the defendant in allowing it to be there, or in allowing the grass and weeds to grow around it. Then, after defining the degree of due care required of the plaintiff, he instructed the jury, in substance, that if the plaintiff, without any reasonable cause therefor, knowingly drove out of the way prepared for travel, or if he carelessly allowed the horse to get out of it, and in that way was injured by contact with the stone, he could not recover. *Held*, that the instructions were correct.

TWO ACTIONS OF TORT, for personal injuries occasioned to the plaintiffs by reason of a defect in a highway in the defendant town.

At the trial in the Superior Court, before *Hopkins*, J., there was evidence tending to show that the plaintiffs were driving to the right around a corner where two roads meet at right angles; that exactly at the vertex of this angle was a large stone, three feet long, two feet wide, and thirteen inches high, intended as a guard stone at the end of a culvert which ran under the road;

that this stone was within from four to twelve inches of the travelled part of the road, and this space and also the space around the other sides of the stone were covered with a growth of grass of about the same height and color as the stone, so that the stone was not apparent in approaching it in the road; that the ground around the stone was upon the same level as the road; that on the right hand side of the road, outside of the grass, was a bank with a stone wall on top of it, so that the plaintiffs could not see across the corner into the other road; and that in driving around the corner the wheel of the plaintiffs' carriage struck the above described stone, and the plaintiffs were thrown out and injured.

The jury returned a verdict for the defendant in each case, and the plaintiffs alleged exceptions to the exclusion of evidence and to instructions to the jury, the nature of which appears in the opinion and in a note by the reporter.

*C. F. Baker*, for the plaintiffs.

*E. H. Vaughan*, for the defendant.

HAMMOND, J.   1. The question whether the photograph was properly verified, and also whether it was practically instructive to the jury, was to be determined by the presiding justice under the circumstances. *Blair* v. *Pelham*, 118 Mass. 420. *Verran* v. *Baird*, 150 Mass. 141. One photograph had been already introduced, and, although it did not show the appearance of the stone, the justice may have thought that the second photograph, which it was conceded did not show the actual condition of the grass and weeds at the time of the accident, would be misleading rather than helpful. We see no ground for holding that there was error in excluding it.*

---

* The second photograph showed the location in question around the corner, including the travelled part of the way, the stone, the grass or grass and weeds around the stone, and the line of the grass along the travelled part of the way and between the stone and the travelled way, the growth of grass being then short and close to the ground. The defendant objected to the admission of this photograph, on the ground that it was taken at a season of the year which did not show the grass and foliage as they existed at the time of the accident. The defendant's counsel stated that he did not claim that there was any change in the location as shown in the photograph since the accident, except in the matter of the growth of grass and foliage. The justice excluded the photograph; and the plaintiffs excepted.

2. After stating that it was the duty of the defendant to keep the way reasonably safe and convenient for travellers, and to "work sufficient width" for that purpose, the presiding justice submitted to the jury, under instructions to which no exception was taken, the questions whether a sufficient width was worked, whether the stone was a defect, and whether there was negligence on the part of the defendant in allowing it to be there, or in allowing the grass and weeds to grow around it.

He then defined the degree of care required of the plaintiff, and used this language: "Now, under those circumstances, is it a proper thing to do to drive off the travelled part of the way upon that grass? Would that be due care? If so, she was exercising due care. If it is not due care, she would not be exercising due care, and it would bar her from recovery."

Then follows that part of the charge to which exception is taken, as follows:

"If Mrs. Cunningham knowingly drove out of that portion of the way prepared for travel without being forced so to do by some peril or danger in the travelled way, and without any reasonable cause therefor, she took the chances of contact with any object that might be outside of the way, and for the effects of that contact she could not recover.

"You see this is a case where I suppose she does it knowingly. When she sees there are grass and weeds growing by the side of the way, and she knowingly and wilfully drives upon the grass outside the travelled part of the way, when there is no danger in the way itself which causes her so to do, and when there is no reasonable necessity for her so to do, under those circumstances she takes the chances of any collision that may take place with any obstacle that is obscured from her view by the growing grass and weeds.

"If she heedlessly and carelessly allowed her horse to get out of the travelled way, she then took the risk incident to passage over that portion of the road which is outside of the travelled way. I give you these specific instructions because of the nature of the evidence in the case, and in order that the rights of all parties may be preserved.

"If she knowingly went out of the way, and there was nothing in the way to force her out, if there was no reasonable cause

for her to go out, and she entered upon that part of the way which was not wrought for travel, then she did it at her own risk, and the consequences would fall upon her.

"If, on the other hand, unthinkingly, carelessly, and not observing where the horse was going, allowing him to take his own course, she let him wander outside the travelled part of the way on to the grass ground and there met with an obstacle, the consequence would fall upon her and she could not recover."

We understand these instructions, taken in connection with what precedes, to say in substance that if the plaintiff, without any reasonable cause therefor, knowingly drove out of the way prepared for travel, or if she carelessly allowed the horse to get out of it and in that way was injured by contact with the stone, she could not recover; and such we understand to be the law. *Tisdale* v. *Norton,* 8 Met. 388.   *Shepardson* v. *Colerain,* 13 Met. 55.   *Harwood* v. *Oakham,* 152 Mass. 421.

The remaining exceptions were waived in the defendant's brief.

*Exceptions overruled.*