ALFRED DE FORGE *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Hampden.    October 3, 1900. — February 28, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

Under the employers' liability act, the notice to the employer required by St. 1887, c. 270, § 3, may be given to a freight agent of a defendant railroad company, who has received such notices for five years, and who on receiving the notice sent it to the defendant's attorney in pursuance of general printed instructions, and in such case it is not necessary to determine whether a notice to a freight agent or an attorney of the defendant would be good, because the facts would justify a finding that the defendant in this case had recognized and acquiesced in the practice followed.

X-ray pictures may be admitted in evidence if properly taken.

In an action to recover for personal injuries consisting of a fracture of the bones of the plaintiff's left foot, the plaintiff put in evidence X-ray pictures of the plaintiff's feet printed from a glass plate, on which the feet were designated in pencil as "left" and "right" respectively, on the assumption that the true left and right were reversed in the printed pictures. A witness for the plaintiff testified that there was an enlargement of the bone of the foot marked "left" in the pictures which was the result of fracture, and on cross-examination said that, leaving the picture out, there was nothing to disclose to the eye any fracture. The defendant then offered in evidence the glass plate from which the pictures introduced by the plaintiff had been printed and pictures printed from it by an X-ray expert, and offered to show that the X-ray process placed the right foot on the right side of the plate and the left foot on the left side of the plate, and that in printing from it the objects would be reversed and the true right and left would appear; and that the foot marked "left" in the plaintiff's pictures, which his

witness had testified showed an enlargement of the bone, was really the right foot which was not injured. This evidence as well as the glass plate and pictures offered by the defendant were excluded. *Held*, that the plate and pictures and the explanatory evidence should have been admitted. *Held, also*, that the fact, which appeared, that the glass plate had on it the letters R and L which had been placed there since the pictures put in evidence by the plaintiff had been printed, was no reason for excluding the plate, as these letters did not in any way obscure the portion of the left foot in controversy, and were no more objectionable than the words added in pencil to the plaintiff's pictures. *Held, also*, that the exclusion of the plate and pictures was not within the discretion of the presiding judge, there being no question of verification.

In matters generally within the discretion of a presiding judge, his discretion is not unlimited, and he is not at liberty to disregard the rules of law by which the rights of the parties are governed. Thus the improper exclusion of an X-ray photograph will sustain an exception.

TORT, under St. 1887, c. 270, for injuries sustained by a freight brakeman while in the employ of the defendant, through the negligence of the engineer of a locomotive engine of the defendant, on which the plaintiff was riding. Writ dated October 13, 1899.

At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

The case was submitted on briefs to all the justices.

*W. S. Robinson*, for the defendant.

*J. B. Carroll & W. H. McClintock*, for the plaintiff.

LATHROP, J. The first question in this case is whether the notice required by the St. of 1887, c. 270, § 3, was given to the defendant. The statute requires that it is to be "given to the employer." The person to whom the notice was given was the freight agent of the defendant in Springfield. He testified that he sent it to William E. Barnett, the attorney for the defendant in New Haven; that he so sent it in pursuance of general printed instructions, directing him to send such notices as pertained to Barnett's department; and that he had received such notices for five years. We do not think it necessary to determine whether it would have been enough to show merely a notice given to a freight agent or to an attorney of the defendant, but when it appeared that the practice of giving notices in this way had been going on for so long a time, without, so far as appears, any objection being made, it might well be found that the defendant had recognized and acquiesced in the practice.

See *McCabe* v. *Cambridge*, 134 Mass. 484; *Shea* v. *New York, New Haven, & Hartford Railroad*, 173 Mass. 177. This exception is therefore overruled.

The remaining question relates to the exclusion of evidence offered by the defendant. As a result of the accident the plaintiff's left foot was injured, and the principal inquiry at the trial was as to the extent of the injury. The plaintiff put in evidence X-ray pictures of the plaintiff's two feet, printed from a glass plate. Each of the pictures was marked under the toes of each foot, " left " and " right " respectively, both words being in lead pencil. One of the plaintiff's witnesses explained that the representation of the foot with the word " left " below it was the left foot and represented the injured foot, and the other, marked " right," was the right foot. He then testified that there had been a dislocation of the bones upward, and that an enlargement of the bone of the foot marked " left " in the picture was, in his opinion, the result of fracture, and that the man would always have a weak foot, and would not be able to perform the duties of a freight brakeman. On cross-examination he testified, that leaving out the question of fracture, there was no reason why the plaintiff could not have a perfectly useful foot; and that leaving the pictures out, there was nothing to the eye to disclose any fracture; although he had suspicions as to a fracture.

The defendant contended and offered to show that the X-ray placed the right foot upon the right side of the plate, and the left foot upon the left side of the plate, and that in printing sensitized paper the objects would be reversed; and that, as matter of fact, the pictures showing an enlargement were pictures of the right foot instead of the left. This evidence was excluded. Immediately before this the defendant had offered the glass plate from which the plaintiff's pictures were taken, and this was excluded. Subsequently other pictures printed from the same plate were offered in evidence and were excluded.

No reason appears in the exceptions why the evidence offered by the defendant was excluded; and we can see no reason why the plate from which the pictures put in evidence by the plaintiff were printed should not have been admitted. It was produced by the photographer who made the pictures. The ground

urged by the plaintiff against its admission was that it had on it the letters R and L, which had been put on since the pictures put in evidence by the plaintiff had been printed. These letters did not in any way obscure the portion of the left foot in controversy.; and were certainly no more objectionable than the letters added in pencil to the plaintiff's pictures.

It is further contended by the plaintiff that there was some doubt as to the manner in which the plate was made, and that the judge might have excluded it for that reason. We see nothing in the exceptions to substantiate this claim. If it were true, then the plaintiff's pictures should not have been admitted.

It is entirely clear from the testimony that the picture on the glass plate was not taken by a lens but by an X-ray machine; and that it was the impression of a shadow, not a reflection of an object, the plate being below the feet, and the light above them. When pictures were printed from the plate the position of the feet would be reversed; and this would have been demonstrated had the plate and the pictures taken by the defendant been admitted. The plaintiff assumed from his marking on the pictures admitted that the feet as represented on the plate were reversed, which is not in accordance with the testimony given by his own witnesses as to the manner in which the impressions on the plate were produced.

Lastly it is asserted that the judge might have excluded in his discretion the plate and the pictures offered by the defendant. The rule is thus stated by Chief Justice Gray in *Blair* v. *Pelham*, 118 Mass. 420 : " A plan or picture, whether made by the hand of man or by photography, is admissible in evidence, if verified by proof that it is a true representation of the subject, to assist the jury in understanding the case. . . . Whether it is sufficiently verified is a preliminary question of fact, to be decided by the judge presiding at the trial, and not open to exception." It is therefore in the matter of verification or authentication that the judge has discretion. But here there was no question of this sort. The plaintiff had put in two pictures printed from the glass plate. The defendant then offered the plate together with two other pictures made from the same plate; and the evidence of verification was stronger in the case of the defendant's

pictures than in the case of the plaintiff's. The photographer who took the plaintiff's pictures testified that he did not know much about the X-ray; while the person who took the pictures for the defendant was a physician of high standing who had taken, as he testified, in the neighborhood of a hundred X-ray pictures, and had seen the majority of them developed. On this evidence we do not deem it possible that the judge could have excluded the plate or the pictures on the ground that they were not duly verified. While a picture produced by an X-ray cannot be verified as a true representation of the subject in the same way that a picture made by a camera can be, yet it should be admitted if properly taken. *Bruce* v. *Beall*, 99 Tenn. 303.

The rule laid down by Chief Justice Gray in *Blair* v. *Pelham* is in accordance with earlier and later cases in our reports. *Hollenbeck* v. *Rowley*, 8 Allen, 473. *Marcy* v. *Barnes*, 16 Gray, 161, 163. *Randall* v. *Chase*, 133 Mass. 210, 213. *Turner* v. *Boston & Maine Railroad*, 158 Mass. 261, 265. *Commonwealth* v. *Morgan*, 159 Mass. 375. *Farrell* v. *Weitz*, 160 Mass. 288. *Van Houten* v. *Morse*, 162 Mass. 414, 422.

It is true that the opinion in *Gilbert* v. *West End Street Railway*, 160 Mass. 403, after stating many reasons why the photograph offered in evidence in that case was properly rejected, concludes in these words: " We think at least it was in the discretion of the court to reject it," citing *Farrell* v. *Weitz*, *ubi supra*. But the case cited was not decided on the ground that the judge had discretion except on the matter of verification; and we do not think that the court intended to lay down a broader rule than that stated in *Blair* v. *Pelham*.

It is also true that in some cases a somewhat broader rule is laid down. See *Verran* v. *Baird*, 150 Mass. 141 ; *Harris* v. *Quincy*, 171 Mass. 472; *Carey* v. *Hubbardston*, 172 Mass. 106. An examination of the papers in these cases leaves no doubt in our minds that the cases were properly decided, whether the reasons given were in accordance with the rule laid down in *Blair* v. *Pelham* or not.

In *Beals* v. *Brookline*, 174 Mass. 1, where photographs were admitted, it was said: " In the admission of such evidence much must be left to the discretion of the presiding justice, and we are not prepared to say that there was error in law in permitting them to be shown to the jury."

But in this as in other matters, which may be left generally to the discretion of the trial judge, his discretion is not unlimited, and the judge is not at liberty to disregard the rules of law, by which the rights of the parties are governed.  See *Woodward* v. *Leavitt*, 107 Mass. 453, 460 ; *Chandler* v. *Jamaica Pond Aqueduct*, 122 Mass. 305.

We are of opinion that the rights of the defendant in this case were violated, and that the glass plate, the pictures taken by the defendant and the evidence offered by the defendant and excluded should have been admitted.  It was clearly competent for the defendant to introduce evidence to show that the plaintiff's pictures showing an enlargement of one of the feet, and from which a witness for the plaintiff discovered a fracture, did not represent the left foot but the right, and for this purpose to show the difference between an ordinary photograph and one taken by an X-ray.

As the only exception relating to the question of liability has been overruled, the new trial will be on the question of damages only.

*So ordered.*