COMMONWEALTH *vs.* LISTER FIELDING.

Middlesex. November 17, 1903. — January 5, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Evidence*, Photographs, Other crimes. *Burning Insured Property.*

On the trial of an indictment under R. L. c. 208, § 10, for burning an insured building with intent to injure the insurer, photographs representing the building that was burned, after having been verified properly, may be admitted in evidence, although they also show another building belonging to the defendant that had been partially destroyed by fire at a time previous to the burning charged, there being no evidence relating to the circumstances of the previous fire and the presiding judge having instructed the jury "that no inferences were to be drawn from the burning of any other building than that charged in the indictment."

INDICTMENT, returned on September 15 1903, under R. L. c. 208, § 10, as stated in the opinion.

In the Superior Court the defendant was tried before *Aiken*, J. The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*H. N. Allin*, for the defendant.

*H. Bancroft*, Assistant District Attorney, for the Commonwealth.

BRALEY, J.    This was an indictment under R. L. c. 208, § 10, charging the defendant with burning a building, which at the time was insured against loss or damage by fire, with intent to injure and defraud the insurer.

At the trial photographs representing the building that was burned, after having been properly verified, were put in evidence by the Commonwealth.    Two of them also included a dwelling house owned and occupied by the defendant, that had been partially destroyed by fire some time previous to the burning of the building, which was the subject of the indictment.    They also showed two dwelling houses adjoining the premises, from which witnesses at the trial testified that they had observed certain acts of the defendant at or about the time of the fire.

The location of these houses in reference to the burnt building became important, as showing the opportunity for observation of the witnesses who had described the movements and conduct of the defendant, and the photographs would materially aid the jury in understanding the case.

If evidence had been introduced tending to prove the commission of another like crime by the defendant, there would be ground for the position now taken by him that the introduction of the photographs tended to prejudice his case at the trial. But there was no testimony disclosing the circumstances under which the dwelling house was burned, or whether the fire which partially destroyed it was of malicious or accidental origin.

The appearance of the house partially burned, in the photographs, was as harmless as that of trees, flowers, fences, streets or other natural or artificial objects which may, and often do enter into, and form a part of the surroundings of the main object represented in the picture.    " A plan or picture . . . is admissible in evidence, if verified by proof that it is a true representation of the subject, to assist the jury in understanding the case. . . . Whether it is sufficiently verified is a preliminary

question of fact, to be decided by the judge presiding at the trial, and not open to exception." *Blair* v. *Pelham*, 118 Mass. 420. *De Forge* v. *New York, New Haven, & Hartford Railroad*, 178 Mass. 59, 62, 63.

As the photographs were sufficiently verified they were admitted properly as evidence in the case. Besides, the presiding judge instructed the jury " that no inferences were to be drawn from the burning of any other building than that charged in the indictment."

*Exceptions overruled.*