## MAGGIE M. MCKARREN *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Suffolk.  November 20, 1906. — February 27, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Evidence,* Photographs.

In an action for personal injuries photographs of the injured portion of the plaintiff's person may be admitted in evidence without calling the photographer as a witness, if they are found by the presiding judge to be verified by the testimony of a medical expert who testifies that the photographs were taken in his presence and under his direction.

In an action for personal injuries photographs of the injured portion of the plaintiff's person, properly verified and admitted in evidence, which were taken in the presence and under the direction of the physician who attended the plaintiff and are used by the physician in describing as a witness the nature and extent of the plaintiff's injuries, must be considered as forming a part of the physician's testimony.

The preliminary finding of a trial judge as to the sufficiency of the verification of a photograph for the purpose of admitting it in evidence is final.

TORT for personal injuries alleged to have been caused by the sudden starting of a car of the defendant from which the plaintiff was alighting.  Writ dated August 16, 1902.

At the trial in the Superior Court before *Bell,* J. the jury returned a verdict for the plaintiff in the sum of $3,600; and the defendant alleged exceptions to the admission in evidence of certain photographs which are described in the opinion.

*C. M. Davenport,* for the defendant.

*L. H. Wardwell,* (*S. A. Fuller* with him,) for the plaintiff.

BRALEY, J.  During the testimony of the physician who attended the plaintiff, in describing the nature and extent of the enlargement of a portion of the vertebrae of her spine, photographs of this portion of the back were introduced, and used by him as illustrations.  While the photographer was not called, the witness, whose medical qualifications were not questioned, testified that the photographs were taken in his presence, and under his direction, and upon admission they must be considered as forming a part of his evidence.  *Alberti* v. *New York, Lake Erie & Western Railroad,* 118 N. Y. 77, 88.  The

competency of such evidence if relevant, whether consisting of
a model, diagram, map, plan, picture or photograph is estab-
lished, and is admitted for the purpose of giving to the jury
a representation of the object or subject concerning which the
inquiry is made, and to enable them better to understand the
issues on trial. *Blair* v. *Pelham*, 118 Mass. 420, 421. Before
admission, however, there must be a verification of the accu-
racy of the representation, and this is a preliminary inquiry to
be made by the presiding judge whose decision is final. *Clapp*
v. *Norton*, 106 Mass. 33. *Commonwealth* v. *Coe*, 115 Mass. 481.
*Walker* v. *Curtis*, 116 Mass. 98. *Blair* v. *Pelham, ubi supra*.
*Verran* v. *Baird*, 150 Mass. 141. *Farrell* v. *Weitz*, 160 Mass.
288. *Gilbert* v. *West End Street Railway*, 160 Mass. 403.
*Commonwealth* v. *Robertson*, 162 Mass. 90. *Van Houten* v.
*Morse*, 162 Mass. 414, 422. *Harris* v. *Quincy*, 171 Mass. 472,
473. *Carey* v. *Hubbardston*, 172 Mass. 106. *Beals* v. *Brook-
line*, 174 Mass. 1, 18. *Commonwealth* v. *Morgan*, 159 Mass.
375, 378. *Commonwealth* v. *Fielding*, 184 Mass. 484. *State* v.
*Cook*, 75 Conn. 267. The defendant places great reliance upon
*Cunningham* v. *Fair Haven . & Westville Railroad*, 72 Conn.
244, as an authority establishing a different rule, but after
discussing the weight to be given such a finding the court
expressly say "We are not now called upon to determine the
legal correctness of a finding of this kind, nor whether it can be
reviewed; the question presented by the record is whether it
was error to admit this photograph without any evidence of
its accuracy."

The defendant contends that a higher degree of verification
was necessary and should have been required than when the
representation describes inanimate objects, as the accuracy of
the reproduction of the animate human form varies according
to the position and adjustment of the camera, the skill of the
artist, and condition of the atmosphere. It is undoubtedly true
that the photographer may produce a picture which is mislead-
ing when compared with the subject represented, but so can the
civil or mechanical engineer by his plan, drawing, or model made
by hand, and while such misrepresentations may result from lack
of professional skill, or proper adjustment of the photographic
apparatus, it also may be the deliberate product of the most

skilful exercise of the art.   This ground of possible deception when the human form is either wholly or partially portrayed was not, however, recognized as a distinction in *De Forge* v. *New York, New Haven, & Hartford Railroad*, 178 Mass. 59, where a radiograph of a fractured human foot, if properly taken, was held to be admissible when verified in the usual manner, while in *Commonwealth* v. *Campbell*, 155 Mass. 537, and in *Commonwealth* v. *Morgan, ubi supra*, upon the question of identity, a photograph showing the defendant's personal appearance was held to have been properly admitted.   In each of these cases physical characteristics were depicted, and if admissible to show the appearance of one part of the human body there would seem to be no sufficient reason why a photograph of other parts, when relevant, and properly verified, should be excluded.   The testimony of the photographer was not required if the judge was satisfied by other evidence, as he apparently was, that they were substantially accurate representations of the plaintiff's person.   *Commonwealth* v. *Morgan, ubi supra.   Van Houten* v. *Morse, ubi supra.   Archer* v. *New York, New Haven, & Hartford Railroad*, 106 N. Y. 589, 603.   *McGar* v. *Borough of Bristol*, 71 Conn. 652, 655.

*Exceptions overruled.*