MARGARET McGRATH *vs.* REUBEN A. FASH.

Suffolk.   January 16, 1923. — March 2, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence*, Competency; Relevancy; Opinion: expert; In rebuttal.

At the trial of an action of tort for personal injuries especially to the plaintiff's pelvic region, after a physician, qualified as an expert and a specialist with relation to the use of the X-ray, has testified respecting certain X-ray pictures purporting to be of the plaintiff's pelvic region, it is within the discretion of the trial judge to permit him further to testify relating to another X-ray plate, produced by him and properly verified to the satisfaction of the judge, which he states shows the pelvic bones of a normal person, and the second plate properly may be introduced in evidence.

At the trial of an action for personal injuries received when the plaintiff was run into by a motor truck, a witness testified that he was standing in his doorway "and all of a sudden this truck came around the corner on two wheels and zigzagging across the street and appeared to be out of the control of the driver." A motion by the defendant that the judge order stricken from the record the statement, "and appeared to be out of the control of the driver," was denied. *Held*, that the denial was proper, the statement of the witness being not a mere opinion but a conclusion of fact arrived at from what he had seen.

Where, at the trial of an action for personal injuries suffered by a woman especially in her pelvic region, a physician called by the defendant has testified that he examined her in a hospital and has described the injuries which he found and has stated that there had been fractures of two bones of the pelvis, which

were well set, and that the pelvis "was tipped a little bit," the plaintiff in the discretion of the trial judge may be called in rebuttal and permitted to testify that, at the examination referred to, the physician who had testified stated to another physician present that "this was the worst accident case he handled in the last ten years," the judge admitting such testimony of the plaintiff only so far as it tended to contradict any opinion or statement of the physician previously testified to by him.

TORT for personal injuries sustained when the plaintiff, a school girl, was run into by a truck owned by the defendant and operated by his servant and agent. Writ dated September 24, 1920.

In the Superior Court, the action was tried before *Callahan,* J. Material evidence and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $16,000, of which the plaintiff remitted $4,000; and the defendant alleged exceptions.

The case was submitted on briefs at the sitting of the court in January, 1923, and afterwards was submitted on briefs to all the Justices except *Jenney,* J.

*W. Flaherty, G. C. Dickson & R. Clapp,* for the defendant.

*P. J. Donaghue, J. B. Welch & H. R. Donaghue,* for the plaintiff.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff as the result of being run over by an automobile truck, owned by the defendant and operated by his servant. The case is before us on exceptions to the admission of certain evidence offered by the plaintiff.

A physician called by her, who was a specialist in the use of the X-ray, testified respecting certain X-ray pictures purporting to be of the plaintiff's pelvic region (where the principal injury claimed by her existed), which were explained by the witness in response to questions by counsel for the plaintiff. The witness testified that the X-ray plates showed an abnormal condition of the pelvis, particularly with reference to the relation of the bones, some of which were alleged to have been fractured. The witness produced another X-ray plate, which he testified showed the pelvic bones of a normal person; this plate was admitted in evidence subject to the defendant's exception.

It is settled that an X-ray plate showing the physical condition of a plaintiff in an action for personal injuries is admissible, *DeForge* v. *New York, New Haven & Hartford Railroad,* 178 Mass.

59, and we see no valid reason why a plate of another person, properly verified by proof which showed the pelvis in its normal condition, was not competent to assist the jury in understanding the nature and extent of the plaintiff's injury, in the same way that a skeleton is often exhibited in similar cases. Whether the plate was sufficiently verified was a preliminary question of fact to be decided by the trial judge and was not subject to exception. *Blair* v. *Pelham,* 118 Mass. 420. As the plate in question would have been of assistance to the jury in understanding the case, we are of opinion that it was admissible in the discretion of the court. *Commonwealth* v. *Fielding,* 184 Mass. 484. *Commonwealth* v. *Tucker,* 189 Mass. 457, 477. *McKarren* v. *Boston & Northern Street Railway,* 194 Mass. 179. *Everson* v. *Casualty Company of America,* 208 Mass. 214, 219, 220.

A witness to the accident, one Kiley, testified that he was standing in his doorway "and all of a sudden this truck came around the corner on two wheels, and zigzagging across the street and appeared to be out of the control of the driver." The defendant requested the court to order the statement "and appeared to be out of the control of the driver" stricken from the record, which request was denied and the defendant excepted. The exception to the general rule that witnesses cannot testify on subjects requiring special skill or knowledge, is not confined to experts, but includes witnesses who testify to the results of their observation; the statement of the witness Kiley was not a mere opinion, but was a conclusion of fact arrived at by what he had seen. If an automobile truck is observed running upon a highway in an irregular manner from side to side, it would be a rational inference that it was not under control. To reach such a conclusion would not require special skill, but would be within the knowledge of men in general. *Commonwealth* v. *Sturtivant,* 117 Mass. 122. *Eldridge* v. *Barton,* 232 Mass. 183, 187. *Morrissey* v. *Connecticut Valley Street Railway,* 233 Mass. 554, 557.

A physician called by the defendant testified that he had examined the plaintiff at the hospital; he described the injuries which he found and stated that there had been fractures of two bones of the pelvis, which were well set; that the pelvis "was tipped a little bit." The plaintiff was called in rebuttal and

testified that she remembers when she was examined by the physician above referred to. She was then asked "What did he [the physician] say about your accident?" and answered: "He told Dr. Robbins this was the worst accident case he handled in the last ten years." The defendant requested that the answer be stricken out. The judge admitted it only so far as it tended to contradict any opinion or statement of the doctor previously testified to by him. A majority of the court are of opinion that the evidence as so limited was admissible in the discretion of the presiding judge. The jury might have found that it was more or less inconsistent with the testimony on his direct examination, in that he believed the plaintiff's injury as more serious than he had testified it to be. The statement made in the hospital had a tendency to contradict his testimony and for this reason might be found to affect its weight. As limited by the presiding judge the substantial rights of the defendant were not injuriously affected. *Foster* v. *Worthing*, 146 Mass. 607. *Liddle* v. *Old Lowell National Bank*, 158 Mass. 15. *Smith* v. *Holyoke Street Railway*, 210 Mass. 202, 205.

As none of the exceptions which have been argued can be sustained, and as the others are treated as waived, the entry must be

*Exceptions overruled.*