CLARA M. HOWE vs. CITY OF BOSTON.

Middlesex.   February 4, 1942. — March 31, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Proximate Cause. Way*, Public: defect. *Practice, Civil*, Exceptions: whether error harmful. *Error*, Whether error harmful.

No liability of a city under G. L. (Ter. Ed.) c. 84, § 15, was shown where the only rational conclusion permissible on the evidence was that a traveller's falling at a cross walk was due to his misjudging the height of the curbstone and losing his balance in stepping off it.

At the trial of an action for injuries due to a defective sidewalk, a ruling precluding the jury's considering a photograph of the place of the accident on the issue of damages, even if erroneous, was not reversible error where this court determined that the defendant was not liable.

TORT. Writ in the Superior Court dated September 21, 1934.

The action was tried before *Dowd*, J.

*H. L. Barrett*, (*J. D. Upton* with him,) for the plaintiff.

*E. K. Nash*, Assistant Corporation Counsel, for the defendant.

Cox, J. This is an action of tort to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the defective condition of a public highway in the city of Boston. At the close of the evidence, the trial judge allowed the defendant's motion for a directed verdict and reported the case to this court, "being in doubt as to the correctness of . . . [the] ruling in allowing the defendant's motion for a directed verdict." (See G. L. [Ter. Ed.] c. 231, § 111.) In the body of the report there is a reference to "this bill of exceptions." At the trial, the plaintiff excepted to a ruling relative to the use of a photograph that was admitted in evidence, and it is stated in the report that this photograph is made a part of "this bill of exceptions." In the circumstances, we consider also the correctness of this ruling. No question is raised as to the sufficiency of the notice that was given to the defendant

as to the time, place and cause of the plaintiff's injuries. The only evidence as to how the plaintiff sustained her injuries comes from her.

It could have been found that on October 31, 1933, shortly before noon, the plaintiff, who was sixty-two years of age, was walking down Willow Street; that it was a dry day; that she paused just about where Acorn Street crosses, and then stepped with her right foot to the cross walk, and, as she did so, the whole of her left foot "slipped off the curbing and . . . [she] looked across this narrow street [Acorn Street] and saw a very low curbstone, so that . . . [she] stepped much farther than . . . [she] expected to and was thrown off . . . [her] balance"; and that her feet twisted under her and she fell slowly and came down entirely on the cross walk. She testified that the curbing from which she stepped was very high, and, when asked by her counsel what caused her to fall, replied that "her foot slipped and went off a curbstone that was higher than she expected and she couldn't regain her balance." She also testified that the condition of the curbstone when she fell was worn and smooth, and that the corner was off; that, as she came along and was about to step from the curbing, she noticed that the curbing on the opposite side of Acorn Street was about four inches high; that she looked at the curbing from which she expected to step and saw that it was much higher and then proceeded to step down and found that it was much higher than she expected it to be, and that "she misjudged the height of the curbing." There was testimony from another witness that the curbing from which the plaintiff stepped was very smooth and that it was about ten inches down to the cross walk, and that there was "a joint and an opening and a V-shaped opening [in the curbing] . . . that . . . was better than an inch wide and opened up more at the bottom; that the edge of the curbstone was worn down very smooth." Finally, the plaintiff testified that her fall was not at all like being thrown "off her balance as when a person walking down stairs thinking that she has come to the last step and finds there is another one; that her whole foot was on the curb-

stone as she stepped down but no portion of it extended over the curbstone, her foot was about at the edge of the curb and about flush with it; that there was an aperture or space in the curbing and she should say that her foot must have been in it but she did not know whether it was or not except that she slipped very suddenly and could soon feel it; that she just remembered the falling and how her foot seemed to catch and slip in something and turn."

The defendant is not liable unless some defect for which it is legally responsible was the sole cause of the plaintiff's injury. G. L. (Ter. Ed.) c. 84, § 15. *Igo* v. *Cambridge*, 208 Mass. 571, 575. *Adams* v. *Bolton*, 297 Mass. 459, 465. The plaintiff does not contend that the difference between the grade of the sidewalk where she was walking and the cross walk on Acorn Street constituted a defect. See *Clohecy* v. *Haverhill*, 299 Mass. 378, 380. Her contention is that the worn and smooth condition of the curbing and the presence of the V-shaped opening amounted to actionable defects, and that they caused her injury.

We are of opinion that it is unnecessary to determine whether these conditions amounted to defects (see *Cromarty* v. *Boston*, 127 Mass. 329, 331; *Comerford* v. *Boston*, 187 Mass. 564; *Moynihan* v. *Holyoke*, 193 Mass. 26, 28, 29; *George* v. *Malden*, 274 Mass. 606; *Lynch* v. *First National Bank of Boston*, 309 Mass. 458), for if we assume that they did, nevertheless, the evidence fails to disclose that they were the proximate cause of the plaintiff's injury. The plaintiff, in order to recover, was required to show by a fair preponderance of the evidence that her injury resulted from a cause for which the defendant was responsible, rather than from a cause for which it was not. *Clinton* v. *Revere*, 195 Mass. 151, 154. *Brown* v. *Bangs*, 306 Mass. 551, 552. See *Connolly* v. *Boston Elevated Railway*, 309 Mass. 177, 179. If, on all the evidence, it is just as reasonable to suppose that the cause was one for which no liability would attach to the defendant as one for which the defendant is liable, then the plaintiff fails to make out a case. *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345, 348-349.

We are of opinion that the only rational conclusion from the plaintiff's testimony, by which she is bound, and there being no other evidence to aid her, is that her fall was due to the fact that she misjudged the drop from the curbing to the cross walk, and that, as a consequence, she lost her balance. This, in our opinion, was the proximate cause of her injury. It is true that she testified that she "should say that her foot must have been in" the V-shaped opening, although she did not know whether it was or not, except that she slipped very suddenly and could "soon" feel it, and that she also testified that she just remembered falling and "how her foot seemed to catch and slip in something and turn." Although there was evidence that the curbing was smooth and worn, it does not appear that this condition caused the plaintiff to fall. In so far as the V-shaped opening is concerned, it is to be observed, at best for the plaintiff, that it was not until after she slipped that her foot "seemed" to catch in it. We think that this is a case where a finding that the assumed defects caused the plaintiff to fall would have to be based, not upon evidence and rational inference, but at best, upon surmise and conjecture. *Mucha* v. *Northeastern Crushed Stone Co. Inc.* 307 Mass. 592, 596, 597.

The plaintiff, at the trial, offered in evidence a photograph that showed the sidewalk on which she was walking and a considerable portion of the cross walk on Acorn Street, and this was "excluded for all purposes except for showing a defective curbstone." There seems to have been no question as to the photograph being a correct representation of the condition of the premises when the plaintiff was injured.

A photograph is admissible in evidence to assist the jury in understanding the case if verified by proof that it is a true representation of the subject, and whether it is sufficiently verified is a preliminary question of fact to be decided by the trial judge. *Blair* v. *Pelham*, 118 Mass. 420. If, however, the photograph is properly verified, the question of its admissibility or exclusion is not a matter of discretion, but is governed by the rules of law as to the

admissibility of relevant evidence. *De Forge v. New York, New Haven & Hartford Railroad,* 178 Mass. 59, 62–64. *McKarren v. Boston & Northern Street Railway,* 194 Mass. 179. It is not quite accurate to say that the admission or exclusion of photographs ordinarily rests in the discretion of the trial judge. See *Gillet v. Shaw,* 217 Mass. 59, 61, 62; *Bruce v. Hanks,* 277 Mass. 268, 270.

The plaintiff contends that the photograph should have been admitted for all purposes, for the reason that it shows that the stones of the cross walk are rough and uneven, and that this was a defective condition which the jury might well find contributed to her injury by reason of the fact that she fell upon them, even though they were not the primary cause of her fall. In other words, we understand the plaintiff to say that the jury, in determining the nature and extent of her injuries, would have been helped properly by the use of the photograph. It is unnecessary to consider this question. The question of damages was open at the trial, but unless there is liability that question becomes immaterial. In view of our conclusion that the plaintiff is not entitled to recover, it follows that there was no reversible error in the limitation placed upon the use of the photograph by the trial judge.

It follows that judgment is to be entered on the verdict.

*So ordered.*