GEORGE W. SAUTHOF *et ux. vs.* DANIEL L. D. GRANGER, City Treasurer of the City of Providence.

Whether a city has discharged its statutory duty in a particular case to keep the highways safe and convenient for travelers at all times is ordinarily a question of fact for the jury; and the court will not disturb their finding unless it is clearly and palpably wrong.

A person who was driving slowly along a public street in a city early in the evening, ran upon a pile of gravel extending from the curbing ten or twelve feet into the street, and was thrown from the carriage and injured. It was dark, and there was no light at or near the obstruction, although shortly before, a lighted lantern had been suspended from a shovel stuck into the gravel.

*Held*, that the statutory duty of the city to keep its streets safe for travelers was not, as matter of law, discharged by the mere fact that a lantern had been placed upon the obstruction previous to the accident, but that it was for the jury to judge whether, in view of all the circumstances, including the condition of the weather, the light was sufficient to protect travelers against injury from the obstruction.

DEFENDANT'S petition for a new trial.

*July* 27, 1896. TILLINGHAST J. The facts in this case are substantially as follows: On the evening of November 28, 1894, shortly before six o'clock, the plaintiff, Agnes Sauthof, was driving along Adelaide avenue, in the city of Providence, in a carriage, and ran upon a pile of concrete gravel or concrete material, which threw the horse she was driving, and caused her to be thrown from the carriage, whereby she was seriously and permanently injured. At the time of the accident the plaintiff was driving slowly,—just jogging along,—when she saw a team coming in the opposite direction. She thereupon hugged the curbing on the right a little closer than before, when the horse ran upon said obstruction and stumbled. The plaintiff righted the horse, at first, when it immediately stumbled again and went down. The plaintiff remembers nothing of the accident after that.

There was no light on or near the obstruction at the time of the accident, although a lighted lantern had been suspended from the handle of a shovel stuck into said pile, by one of the workmen employed by the Rhode Island Concrete Co., by whom said gravel or concrete material was placed in said street, said lantern having been suspended over said obstruction at about 5.30 o'clock, P. M. of that day. Said pile of concrete gravel had been in said street, substantially the same as it was when the accident ·happened, for the greater part of said day. It was a very windy day, cold and blustering, the velocity of the wind at Hope Reservoir, in said city, being 28 miles an hour at 1 o'clock P. M., 23 at 2 o'clock, 26 at 3 o'clock, 24 at 4 o'clock, 20 at 5 o'clock, and 16 at 6 o'clock, and there were puffs at frequent intervals, during all of said time, when the velocity was 40 miles an hour. Said lantern, according to some of the testimony, was a common old stable lantern, and was rusty and somewhat weather-beaten. The said obstruction, in fact, consisted of two piles of gravel or concrete material, from three to five feet apart, the larger one containing about four loads of said material and being from three to three and a half feet high, and the smaller one containing about one load and being about one and a half feet high, and the obstruction as a whole extended from a point near the curbstone out into the street from ten to twelve feet. The horse first stumbled over the smaller pile and then, after partially righting himself, as aforesaid, immediately came upon the larger one and fell. It was dark at the time and place of the accident. The city had notice of the obstruction. A police officer, whose duty it was to report the obstruction and remove it if possible, saw it as early as ten o'clock on the day of the accident ; he also saw it at two o'clock, and again at five o'clock in the afternoon, but took no steps either to remove it or report it. He simply gave instructions to one of the men at work there to hang a light on it at night, and saw one of said workmen in the act of placing a light thereon. At the trial of the case in the Common Pleas Division the jury found in favor of the plaintiff, and the defendant now petitions for a new

trial on the ground that the verdict is against the law and the evidence.

The particular contention of the defendant is that, as the evidence shows that a light was placed upon said obstruction shortly before the accident, it did all that was necessary in the way of protecting travelers from injury by reason of the existence of said obstruction in the highway, and hence cannot be held liable in this case. And, in this connection, the defendant's counsel argues that the city is not an insurer of the safety of its streets, but is only required to use due care and diligence to keep them in a reasonably safe condition for travelers. This is doubtless so. But whether the city in fact exercises due care and diligence in a given case,—in other words, whether it discharges its statutory duty in keeping its highways safe and convenient for travelers, is ordinarily a question of fact for the jury. *Yeaw* v. *Williams*, 15 R. I. 20 ; *McCloskey* v. *Moies, ante,* p. 297. Whether, therefore, the defendant discharged its duty in this case, by placing or causing to be placed a single lantern, like the one shown in evidence, on the obstruction which caused the accident, was purely a question of fact for the jury. They have answered that question in the negative by their verdict, and this court has no right in the circumstances of the case to interfere therewith. There is no fixed legal standard of duty in a case of this sort. *O'Neil* v. *Town of East Windsor,* 65 Conn. 150. The law does not prescribe specifically what shall be done in order to protect travelers from an obstruction in the highway, but does prescribe generally that highways shall be kept reasonably safe and convenient for travelers at all times. This leaves the method of discharging the duty with the city or town authorities, subject however to the judgment of a jury, in case an accident happens, as to whether the method adopted or the thing done was a sufficient discharge of its statutory liability. See *Grand Trunk Railway Co.* v. *Ives,* 144 U. S. 408 ; *Consolidated Traction Co.* v. *Scott,* 34 Atl. Rep. 1095. And this being so, the judgment of the jury, unless it is clearly and palpably wrong,—so clearly wrong that fair minded men

could not honestly differ upon the question at issue,—should prevail. The doctrine is so universally recognized and acted on by the courts, both English and American that there is no occasion for the citation of authorities in support of it.

The condition of the weather, particularly as to the force and velocity of the wind, on the day of the accident, coupled with the fact that it frequently came in sudden puffs or gusts, was an element for the jury to consider in determining whether a single lantern was a sufficient safeguard, especially in view of the testimony of two witnesses called by the defendant to the effect that they had known lanterns thus placed to blow out, one of said witnesses testifying that he had known it to happen "oftentimes."

In *Watson* v. *Tripp*, 11 R. I. 98, which was very similar to the case at bar, this court held that, even if there was a light suspended over or beside the obstruction at the time of the accident, the jury may have thought that it was not properly placed or that, in the particular circumstances, a single light, unless of more conspicuous size and brilliancy, was an insufficient safeguard, and refused to disturb the verdict of the jury. To the same practical effect is *Bowman* v. *Tripp*, 14 R. I. 242.

Petition for new trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Clarence A. Aldrich*, for plaintiffs.

*Francis Colwell*, City Solicitor, & *Albert A. Baker*, Assistant City Solicitor of the city of Providence, for defendant.