ELIZABETH M. RODICK *vs.* MAINE CENTRAL RAILROAD COMPANY.

Hancock.   Opinion December 4, 1912.

*Admissibility.  Barrier.  Common Carrier.  Control.  Damages.  Due Care. Discretion.  Exceptions.  Ice.  Inanimate Objects.  Invitation. Negligence.  Passenger.  Photographs.  Private Property.  Public.  Public Highway. Safe Place.  Snow.*

On the evening of February 8, 1911, the plaintiff, a passenger on a steamboat of the defendant company, landed at its wharf in Bar Harbor, and while passing along and upon the wharf on her way to take a public conveyance, slipped upon ice, fell and was seriously injured.  She obtained a verdict of four thousand eight hundred and thirty dollars.

*Held:*

1. That upon the sharp issue of fact submitted to the jury as to the precise spot where the plaintiff fell, whether within or without that portion of the wharf set apart for passenger travel the evidence was conflicting, and the finding of the jury was not so manifestly against the weight of evidence as to be disturbed.

2. That the plaintiff's injury was due to a condition of the wharf for which the defendant was legally responsible, and that liability might arise even though the plaintiff had taken a few steps beyond the sidewalk in order to reach a waiting team.  The defendant had control of the entire wharf and permitted the teams to drive upon this portion to meet passengers, and therefore impliedly invited the passengers to meet the teams.

3.  That there is no evidence of want of due care on the part of the plaintiff.

4. That the damages are not excessive.  The plaintiff was employed as a clerk in the Bar Harbor Post Office at a salary of $1400 per year.  Her earning power has been materially reduced.  The injury was serious and probably permanent.  The expenses have been necessarily large, and the suffering was severe.

5.  Photographs of the locus were admitted, which had been taken several months after the accident, and which represented the plaintiff as standing in the exact spot where she claims to have fallen.

The admissibility of a photograph is a preliminary question addressed to the discretion of the presiding Justice and depends upon whether it is sufficiently verified, is fairly representative of the object portrayed and may be useful to the jury.

6. Photographs, however, should represent simply the conditions existing at the time, and when they go further and represent persons in various assumed positions, they may be more properly excluded than admitted because they have passed beyond their legitimate function and tend to unduly emphasize the claims of one party or the other.

7. It would have been a wiser use of discretion in this case to have excluded the photographs, but their admission was not such an abuse of discretionary power as to warrant sustaining the exceptions.

8. That the refusal of the presiding Justice to specifically instruct the jury that at the time of the injury the relation of common carrier and passenger did not exist, constituted no error, as he had already clearly and comprehensively charged the jury as to the exact legal relations existing between them, and to have given the requested instruction at that time would have misled rather than have aided the jury in their comprehension of the legal obligations of the parties.

On motion and exceptions by defendant. Overruled.

This is an action on the case to recover damages for personal injuries received by the plaintiff. The plaintiff was a passenger on one of the defendant company's steamboats, which landed at defendant's wharf at Bar Harbor, and in passing on and along said wharf, on her way to take a public conveyance, slipped upon ice and fell sustaining the injuries complained of. The jury returned a verdict for the plaintiff for $4,830.00. The defendant filed exceptions to the admission of two photographs of the locus, and to the refusal of the presiding Justice to charge the jury that at the time of the injury the relation of common carriers and passengers did not exist between the plaintiff and defendant in this case, and filed a general motion for a new trial.

The case is stated in the opinion.

*Deasy & Lyman*, for plaintiff.

*Hale & Hamlin, and Forrest Goodwin*, for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

CORNISH, J.  On the evening of February 8, 1911, the plaintiff, a passenger on a steamboat of the defendant company, landed at

its wharf in Bar Harbor, and while passing along and upon the wharf on her way to take a public conveyance, slipped upon ice, fell and was seriously injured. She obtained a verdict of four thousand eight hundred and thirty dollars and the defendant has brought the case to this court on motion and exceptions.

*Motion.*

The wharf of the defendant company corresponded to the station grounds of a railroad for the arrival and departure of passengers. It covered considerable space, a portion being used for the passenger station, a portion for the freight station and the rest for passengers on foot or for conveyances which were permitted to drive upon the wharf. The usual course of passenger travel from an incoming steamer, was up the slip beneath an awning, toward the passenger station, and then around the corner of the station and along a walk twelve feet wide running beside the station and a railing or guard on the outer side. This walk led off the wharf to the public highway, and outside this railing, carriages, public and private, were allowed to drive upon the wharf to bring and carry away passengers. A space of about four or five feet in width, slightly raised, next the rail formed a buffer against which the rear wheels of the carriages rested. At the end of the railing near the corner of the station was an electric light pole. At various places there were openings in the railing to enable passengers to pass through and reach their carriage. Between the end of the railing at the electric light pole near the northwest corner of the passenger station, across to the freight station was no guard or railing to prevent a passenger going directly to a team, and teams were permitted to wait at that portion of the wharf. In the summer a barrier in the form of a chain was stretched across from the light pole to one of the posts supporting the awning, to prevent such travel, but this was not used in the winter.

The plaintiff on the evening in question had reached a point near the light pole when she suddenly slipped on ice and fell. The sharp issue of fact submitted to the jury in the charge was the precise spot where she fell, the case apparently having been tried upon the theory that if she was injured upon the passenger walk or within that portion of the wharf set apart for passenger travel the defend-

ant company would be liable, while if she was injured at a point a few feet outside where she may have gone to take a team, the company would be free from liability. A large number of witnesses on both sides testified as to the exact spot where she fell and where she was found after the fall, and upon the issue submitted the jury must have found that the plaintiff's contention was correct. The evidence is conflicting but we cannot say after carefully studying and comparing it, that the finding on this point is so manifestly wrong as to be set aside. Were the question before the court without the verdict of a jury, we might conclude that the plaintiff, when she reached the pole instead of turning to the left and following the sidewalk, took a step or two to the right to reach her team. But we are not prepared to say that even then the company would be free from blame. It knew the situation. It permitted teams to drive upon that portion of the wharf and wait for passengers and it might naturally expect that these passengers would be obliged to take a few steps beyond the sidewalk to reach the waiting teams. No rail or chain at that point suggested a barrier. No sign warned passengers not to proceed to the teams. On the contrary, the situation was such as to imply an invitation. It was the defendant's private property, devoted to the use of the public, and it was bound in law to use due care toward passengers upon it. *Keefe* v. *B. & A. R. R. Co.,* 142 Mass., 251.

The plaintiff's fall was due to a condition for which the defendant was responsible. A heavy snow had fallen on the preceding day. A portion of it had been removed from the wharf, and the sidewalk had been scraped. But the evidence leads to the conclusion that ice had been allowed to remain at points both on the walk and just outside it, and no attempt was made to remove or sand it until after the accident.

Upon this branch of the case, the want of due care on the part of the defendant, the verdict should not be disturbed.

Nor are we able to discover any want of due care on the part of the plaintiff. Her conduct was that of the ordinarily prudent woman under similar circumstances. She was walking along in the usual way, as were the other passengers from the same steamer, and it was not incumbent upon her to keep her eyes fastened on the

surface of the wharf to discover ice.  Had she looked she would have discovered nothing because the ice was concealed by a slight covering of snow, which made it still more treacherous.

The motion cannot be sustained.

*Exceptions.*

1.  The first exception lies to the admission of two photographs of the locus, introduced by the plaintiff against the defendant's objection.  These were taken in the Fall after the accident; and their admissibility is challenged because the plaintiff appears in the photograph as standing in the place in which she claims to have fallen, that spot being as we have already said, a sharply controverted point.

This question of the admissibility of photographs in evidence has been several times considered by this court and the rule of practice in this State has been firmly established.  Their admission or rejection lies largely within the discretion of the presiding Justice and the exercise of that discretion, unless the court finds the facts such as to show an abuse of discretion, is not the subject of exception.

"Whether it is sufficiently verified, whether it appears to be fairly representative of the object portrayed and whether it may be useful to the jury, are preliminary questions addressed to him and his determination thereon is not open to exceptions."  *Jameson* v. *Weld,* 93 Maine, 345.  In the application of this rule a wide latitude is left to the presiding Justice and we find that no exceptions were sustained by the Law Court to the admission of photographs in *State* v. *Hersom,* 90 Maine, 273, and *Jameson* v. *Weld,* 93 Maine, 345; nor to their exclusion in *Stone* v. *Street Railway,* 99 Maine, 243, and *Babb* v. *Paper Co.,* 99 Maine, 298.

The same rule prevails in Massachusetts.  *Blair* v. *Pelham,* 118 Mass., 420; *Verran* v. *Baird,* 150 Mass., 141; *Casey* v. *Hubbardston,* 172 Mass., 106; *Field* v. *Goudy,* 199 Mass., 568; *Everson* v. *Casualty Co. of America,* 208 Mass., 214.

Photographs, however, should show simply the conditions existing at the time.  They should aid the jury in better applying the oral evidence to the particular location.  In a case like the one under consideration, they should represent inanimate not animate

objects, and when they go further than this and represent the parties in various claimed positions they may more properly be excluded than admitted on the ground that they have passed beyond their legitimate function and tend to emphasize unduly the claims or the evidence of one party or the other. It was on this ground that the photographs were excluded in *Babb* v. *Paper Co.,* supra, where the court say: "To be admissible, photographs should simply show conditions existing at the time in question. But photographs taken to show more than this, with men in various assumed positions, and things in various assumed situations, in order to illustrate the claims and contentions of the parties should not be admitted. An examination of the excluded photographs shows that they fall within the latter class. They would serve merely to illustrate certain theories of the defendant as to how the accident happened. They were properly excluded as a matter of law."

So in *Stone* v. *Street Railway,* 99 Maine, 243, the photograph showed a man in the position on the car in which some of the witnesses said the plaintiff was at the time of the accident; and it was held to have been properly excluded.

In the case at bar therefore it would have been a wiser use of discretion to have excluded the photographs, but we do not think their admission in connection with all the facts in the case was such an abuse of discretionary power as to warrant the sustaining of exceptions. It may have been error but not such exceptionable error as would justify the ordering of a new trial.

We are aware that in other jurisdictions there is a conflict of evidence on the admissibility of photographs showing persons or parties in certain assumed positions.

In *Fore* v. *State,* 75 Miss., 727 (23 So. Rep. 710), their admission was held exceptionable error, as being in the nature of tableaux vivants, while in *Shaw* v. *State,* 83 Ga., 92, (9 S. E. 768); *State* v. *O'Reilley,* 126 Mo., 597, (29 S. W. 577); *State* v. *Kelley,* 46 S. C., 55, (24 S. E. 60); *Harrison* v. *Green,* 157 Mich., 690, (122 N. W. 204) and *Bowling Green Gaslight Co.* v. *Dean,* (Ky. 1911) (134 S. W. 1115), their admission is approved.

After carefully considering all these cases we adhere to and reaffirm the rule already established in this State and Massachusetts.

2. The second exception lies to the refusal of the presiding Justice to charge the jury that at the time of the alleged injury the relation of common carriers and passengers did not exist between the plaintiff and the defendant in this case.

The request was properly refused. The presiding Justice had already clearly and comprehensively charged the jury as to the exact legal relations existing between the parties at the time of the accident, giving in substance, if not in words, the rule laid down by this court in the recent case of *Maxfield* v. *Railroad Co.,* 100 Maine, 79, that it was the duty of the Railroad Company "to exercise all ordinary care to maintain the platform in question in such a reasonably safe and suitable condition that passengers who were themselves in the exercise of ordinary care could walk over it in safety." To have given the requested instruction would have misled rather than have assisted the jury in their comprehension of the legal obligations of the parties.

*Damages.*

The plaintiff had been employed as a clerk in the Bar Harbor Post Office for a period of fourteen years and was so employed at a salary of $1,400 at the time of the accident. Her earning power has been reduced. The injury to the ankle, foot and leg was a serious one with the strong probability, if not the absolute certainty, of being permanent. The expenses have necessarily been large. The suffering as described by the physicians as well as by the plaintiff was severe.

After careful consideration of the entire case we are unable to say that the damages are excessive.

*Motion and exceptions overruled.*