MONROE v. BRESEE. •

(Circuit Court of Appeals, Seventh Circuit. January 2, 1917.)

No. 2355.

1. PATENTS ⊛⇒328—VALIDITY—ROAD LEVELING MACHINE—PRIOR PUBLIC USE.
    The Monroe reissue patent, No. .13,708, for a road leveling machine, *held* void because of the unrestricted sale to a township for actual public use of one of the machines more than two years before the filing of the application for the original patent.

2. PATENTS ⊛⇒76—VALIDITY—PRIOR PUBLIC USE.
    After proof of the sale without reservation of a machine for actual use more than two years before application for a patent therefor, evidence as to whether the patentee regarded it as a completed or experimental machine is immaterial.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 92, 98.]

3. PATENTS ⊛⇒310(9), 311—SUIT FOR INFRINGEMENT—DEFENSES.
    Objection to proof of prior public use, pleaded generally in the answer in an infringement suit, on the ground that notice of the names of the alleged users, required by Rev. St. § 4920 (Comp. St. 1913, § 9466), had not been given, is waived by failure to move to strike out the defense as insufficient, or to object to the evidence in due time to raise the question in the District Court.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 535–542.]

4. EVIDENCE ⊛⇒187—SECONDARY EVIDENCE—PHOTOGRAPHS.
    The reception in evidence of photographs or descriptions of a chattel n place of the object itself is largely discretionary with the court.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 674, 675.]

Appeal from the District Court of the United States for the Eastern District of Illinois.

Suit in equity by Nathaniel S. Monroe against J. M. Bresee, trading as the Bresee Manufacturing Company. Decree for defendant, and complainant appeals. Affirmed.

·Thomas A. Connolly, of Washington, D. C., for appellant.
George P. Fisher, of Chicago, Ill., for appellee.

Before KOHLSAAT, MACK, and ALSCHULER, Circuit Judges.

MACK, Circuit Judge. This is an appeal from the decree of the District Court dismissing the complainant's bill for want of equity. The bill charged infringement of claims 8, 10, 19, and 20 of the Monroe reissued patent, No. ʹ 13,708, for a road leveling device. It is unnecessary to set out the claims or specifications, as we shall consider but one of the several defenses, the one principally relied upon, that a device embodying the alleged invention was sold by the complainant and was in public use by others more than two years prior to March 24, 1911, when application for the original patent was filed.

[1] 1. In 1908, one of his machines was sold by Monroe without

⊛⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

reservation to the township of Pesotum, and then and there put into complete public use. There was no supervision by the inventor, nothing in the nature of testing or experimenting; indeed, it was not seen by him or on his behalf for nearly two years. Other sales of similar machines were admitted to have been made between 1901 and 1908. The sales were ordinary commercial transactions. The machines may not have been perfect; the inventor and manufacturer may have intended to improve his product; but the transactions were nevertheless not merely, or even primarily, an arrangement for trying out and testing the road leveler, but were sales of completely operative machines. The machines were purchased, not in order to aid Monroe in his experiments, but in order to secure efficient street scrapers for actual use. One such sale is sufficient. Wende v. Horine, 225 Fed. 501, 140 C. C. A. 543.

[2] 2. There was no error in sustaining objections to certain questions. After proof of the sale without reservation in 1908, it was utterly immaterial whether the inventor regarded the machine so sold as "a wholly complete machine embodying your [his] ideas of completeness or an experimental machine." American Ballast Co. v. Davy Burnt Clay Ballast Co., 220 Fed. 887, 136 C. C. A. 453.

3. The complainant himself and his son, admitted that the Pesotum machine, when sold, had all the essential features and operated on the same principle as the machine described in the reissued letters patent. They testified to only one difference alleged to be of importance, namely, that while under the express language of claim 10 and, as contended, by implication in the other claims, a looped chain and pulley constitutes the flexible means by which the scraper bars are suspended from the frame, and by which the vertical adjustment of the bars is effected, these earlier machines had only a single chain. There is, however, sufficient evidence in the record to justify the conclusion that, contrary to this testimony, the looped chain and pulley were on the machine when sold in 1908. In any event, the change involved no invention; the combination with looped chain and pulley was patentably not to be distinguished from that with the single chain; it was the usual substitution of an old mechanical device to secure increased power.

[3] 4. It is urged, however, that the evidence concerning the sale of the Pesotum and the other machines was inadmissible, because the notice required by Revised Statutes, § 4920 (Comp. St. 1913, § 9466), was not duly given. The section, so far as here pertinent, reads as follows:

"In any action for infringement the defendant may plead the general issue, and, having given notice in writing to the plaintiff or his attorney thirty days before, may prove on trial any one or more of the following special matters: * * * That it had been in public use or on sale in this country for more than two years before his application for a patent; * * * and in notices as to proof of previous invention, knowledge, or use of the thing patented, the defendant shall state the names of the patentees and the dates of their patents, * * * and the names and the residences of the persons alleged to have invented or to have had * * * prior knowledge of the thing patented, and where and by whom it had been used."

An amendment to the answer, filed by stipulation, set up the defense in general terms that the invention had been in public use or on sale by the complainants and others in this country for more than two years prior to the application for the original letters patent. Appellant contends that the defense cannot be asserted because neither by the answer nor by other notice was he informed by defendant where and by whom the use relied upon as a defense had been made. If, contrary to the decision in American H. & L. S. Co. v. American T. & M. Co., Fed. Cas. No. 302, such specific notice were required where such prior public use or sale is by the inventor himself, the requirement was waived through the failure of the appellant, by motion to strike out the defense as insufficient or by objection to the evidence, to raise the question in due time in the district court. Loom Co. v. Higgins, 105 U. S. 580, 26 L. Ed. 1177; Zane v. Soffe, 110 U. S. 200, 3 Sup. Ct. 562, 28 L. Ed. 119. It was only after the appellee's evidence had been introduced, and when, as a matter of precaution, counsel for the appellee had asked leave to amend the answer, so as to allege specifically the prior use by the townships of Pesotum and Tuscola, that any objection on this score was brought to the attention of the court. Then counsel withdrew the amendment so far as it pertained to the Tuscola machine, and no further objection was made to the allowance of the amendment as to the Pesotum machine. When later in the course of the trial the amendment was offered, the court, without objection or contradiction, stated that counsel had objected only to that part relating to the Tuscola machine and that the amendment as to the Pesotum machine had been allowed.

[4] 5. The reception in evidence of photographs or descriptions of a chattel in place of the object itself is largely discretionary with the court. In view of the bulky character of this device and the adequacy of the secondary evidence, there was clearly no abuse of discretion in not compelling its production or in refusing to adjourn the hearing to the courtyard for the inspection of the Pesotum machine and its introduction in evidence as a physical exhibit.

Decree affirmed.

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes