DOOLIN, Respondent, v. CITY OF WINNER, Appellant.

(204 N. W. 899.)

(File No. 5509.   Opinion filed August 12, 1925.)

1. .Municipal Corporations — Negligence —Damages—Evidence—Evidence as to Filling Up Hole Near Crossing Subsequent to Accident Held Material and Competent.

In suit against city for personal injuries, alleged to have been suffered because of negligent maintenance of crossing, testimony of street commissioner as to changes made in condition of crossing subsequent to accident, in filling up hole, held material and competent.

2.  Evidence—Photographs—Negligence—Admitting Photographs of Defective Crossing, Taken Subsequent to Accident, Held Proper, Where conditions Same.

In suit against city for personal injuries caused by defective crossing, photographs of crossing held admissible, where it is shown that condition was substantially same as when accident happened.

3.  Municipal Corporations—Evidence—Testimony as to Condition of Sidewalk at Place Other Than Where Accident Occurred Held Properly Admitted to Explain Plaintiff's Presence at Site of Accident.

In suit against city for personal injuries alleged to have been caused by defective crossing on other side of street from plaintiff's residence, his testimony as to condition of sidewalk on his side of street held admissible, as explanatory of how he happened to be in that place at time of injury.

4.  Appeal and Error—Streets and Alleys—Admission of Evidence of Length of Time Water Flowed Over Defective Crossing Held Not Prejudicial.

In suit against city for personal injuries caused by defective crossing, admission of evidence as to period of time water had been flowing over crossing held not prejudicial to city.

5.  Witnesses—Negligence—Inquiry as to Defective Condition of Sidewalk at Place Other Than where Accident Occurred Proper to Test Recollection of Witness.

In suit against city for injuries to pedestrian, alleged to have been caused by defective crossing, an inquiry of witness as to whether sidewalk at place other than where accident occurred was icy held proper for purpose of testing witness' recollection.

6.  Appeal and Error—Evidence—Permitting Witness to Deny Statement Attributed to Her by Opposing Party held Not Prejudicial.

In suit against city for personal injuries due to defective crossing, allowing plaintiff's witness to deny having made the statement concerning her attitude toward plaintiff, arrtibuted to her by defendant, which defendant made no effort to impeach, held not prejudicial in any event.

7.  Damages—Negligence—$3,000 for Severance of Leg Muscle Held Not Excessive.

$3,000 for severance of muscle of leg, causing permanent injury, held not excessive, applying rule that verdict will not be disturbed unless damages are materially greater than evidence justifies.

**8. Municipal Corporations—Streets and Alleys—Evidence Held to Support Verdict Against City for Personal Injuries From Defective Walk.**

In suit against city for damages for personal injuries alleged to be due to defective sidewalk, evidence that city had long maintained hole close to sidewalk, which had accumulated ice at time of accident, and that portion of sidewalk was raised, leaving edge sharp enough to sever tendon of plaintiff's leg in falling, held sufficient to predicate finding of liability.

Appeal from Circuit Court, Tripp County; Hon. John G. Bartine, Judge.

Action by J. M. Doolin against City of Winner. Judgment for plaintiff, and defendant appeals. Affirmed.

*Hannett & Hannett,* of Winner, for Appellant.

*P. A. Hosford,* of Winner, for Respondent.

(2) To point one of the opinion, Appellant cited: Wyldes v. Patterson (N. D.) 153 N. W. 631; Baustian v. Young, 75 Am. St. Rep. 462; Chicago & Eastern Illinois R. R. Co. v. Crose, 105 Am. St. Rep. 136.

Respondent cited: Sherlock v. Railway Company, 138 N. W. 976; McKarren v. Boston Railway Company, 80 N. E. 477; Hamilton v. A. T. & St. F. Ry. Co., 148 Pac. 648; Whaley v. Vidal (S. D.) 132 N. W. 248; Wade v. So. Railway Company, 71 S. E. 859.

(8) To point eight, Appellant cited: Jones v. City of Sioux Falls, 18 S. D. 477, 483; Bohll v. City of Dell Rapids, 15 S. D. 619; Henry v. New York, 104 N. Y. Supp 440; Braatz v. City of Fargo (N. D.) 125 N. W. 1042; Shippey v. AuSable, 32 N. W. 741; Gilliland v. Omaha, 131 N. W. 1055; Chamberlain v. Oshkosh, 54 N. W. 618; Wright v. Lancaster (Pa.) 42 Atl. 245; McKellar v. Detroit, 23 N. W. 621; Rolph v. Greenville, 61 N. W. 3; Daton v. Glaser (Ohio), 12 L. R. A. (N. S.) 916; Ibbeken v. New York, 94 N. W. Supp. 568; Hamilton v. Buffalo, 173 N. Y. 72; Denver v. Hubbard, 69 Pac. 5908; Hhyner v. Menasha, 83 N. W. 303; McQueen v. Elkhart, 43 N. E. 460; Bohl v. City of Dell Rapids, 15 S. D. 619; Herndon v. Salt Lake City, 95 Pac. 646; Miller v. St. Paul, 38 Minn. 134, 36 N. W. 271.

Respondent cited: Elan v. Mt. Sterling, 20 L. R. A. (N. S.) 572; Hall v. Lowell, 10 Cuch. 260; Denver v. Dunsmore, 7 Colo.

328; Larson v. Grand Forks, 3 Dak. 307, 19 N. W. 414; Americus v. Johnson, 2 Ga. App. 378, 58 S. E. 518; Nesbit v. Greenville, 69 Miss. 22, 30 Am. St. Rep. 521, 10 So. 452; Sauthof v. Granger, 19 R. I. 606, 35 Atl. 300; Richmond v. Pemberton, 108 Va. 220, 61 S. E. 787; Roanoke v. Shull, 97 Va. 419, 75 Am. St. Rep. 791, 34 S. E. 34; Rockford v. Russell, 9 Ill. App. 229; Evansville v. Frazer, 24 Ind. App. 628, 56 N. E. 729; Jansen v. Atchison, 16 Kan. 358; Carthage v. Garner, 209 Mo. 688, 908 S. W. 521; Tucker v. Salt Lake City, 10 Utah 173, 37 Pac. 261; Olathe v. Mizee, 48 Kan. 435, 30 Am. St. Rep. 308, 29 Pac. 754; Chicago v. Hesing, 83 Ill. 204, 25 Am. St. Rep. 378.

DILLON, J. An action was brought by plaintiff against defendant city, to recover damages alleged and proven to have been suffered by plaintiff because of defective condition of defendant's crossing and the negligent manner in which the crossing was maintained. Judgment was entered for plaintiff in the sum of $3,000. It is from such judgment and order that this appeal is taken.

Plaintiff contends that on the 4th day of February, 1921, and for a period of time previous thereto, defendant, city of Winner, this state, maintained a crossing on a certain street in a negligent manner; that near the south end of this crossing, on each side, there was a hole, approximately 2 feet deep, in which large quanties of water and ice accumulated; that at said place the sidewalk was uneven, and extending therefrom on each side was a projection approximately 2½ inches wide; that there was no railing on either side of the crossing next to the hole (see Exhibit A), nor did the defendant maintain any lights or other means of notifying passersby that said crossing was in a defective condition; that all of these facts were known to the defendant and not known to the plaintiff; that plaintiff, while walking on said crossing, before daylight, at 4 o'clock in the morning, caught his toe on said projection, and fell into said hole, and sustained injuries therefrom.

Defendant city contends that at the time of the accident the plaintiff was not walking upon the sidewalk, and therefore the city ought not to be held liable for injuries which were received, that the verdict of the jury was excessive and rendered in a spirit of

passion and prejudice, and that this court should reduce the amount of damages awarded by the jury.

[1-6] The first assignment of error relates to witness Conway, the street commissioner of defendant city, as to any changes made in the condition of the crossing in filling up the ground subsequent to the time of the accident. This was material and competent testimony, and the court did not err in receiving such testimony. The next assignment relates to certain photographs introduced as evidence as shown in Exhibits A, B, C, which show that the crossing was in substantially the same condition as when the accident happened. We think the court did not err in receiving such evidence. Sherlock v. Minneapolis, St. P. & S. S. M. R. Co., 24 N. D. 40, 138 N. W. 976; Rhodick v. Maine Railway Co., 109 Me. 530, 85 A. 41; McKarren v. Boston Railway Co., 194 Mass. 179, 80 N. E. 477, 10 Ann. Cas. 961; Hamilton v. A. T. & S. F. Ry. Co., 95 Kan. 353, 148 P. 648, L. R. A. 1915E, 455; Whaley v. Vidal, 27 S. D. 627, 132 N. W. 248. The next assignment relates to the condition of the sidewalk in other parts of the city. The plaintiff had testified that he lived on the north side of Second street, and at the time he was injured he was on the south side of said street, at the crossing where the accident occurred. This testimony was admissible for the purpose of explaining to the jury how the plaintiff happened to be in that particular place at the time he was injured. That was the sole purpose of the testimony, and the court did not err in permitting such testimony to go to the jury on that issue. The next assignment relates to the period of time water had been flowing over the crossing where the accident occurred. The defendant could not possibly be prejudiced by the admission of such testimony. The next assignment relates to the condition of the sidewalk on the north side of the court-house with reference to being icy. The record discloses that the inquiry was addressed to the witness for the purpose of testing his recollection, and the inquiry was permitted to stand by the trial court solely for that purpose. It is difficult to see how any prejudice could be predicated upon the ruling of the court in this regard. It is next urged that the court erred in allowing the witness, Mrs. Brewer, to testify as to the condition of her feeling toward the plaintiff in this action. The witness testified that she had never made the statement concern-

ing which the inquiry was directed to, and no effort was made to impeach her answer. The appellant could not have been prejudiced by the answer under any circumstances.

[7] We think the contentions of the defendant city are without merit, inasmuch as the jury found that the plaintiff severed the muscle of his leg on the raised part of the sidewalk, and Dr. Quinn, in testimony in chief, testified that the injury as the plaintiff's age would be a permanent injury. We think the matter of damages was fairly presented on the motion for a new trial; that the trial court, who heard the evidence and saw the witnesses, is in a better position than the appellate court to judge as to whether the verdict is excessive, and the verdict will not be disturbed when it does not appear that the damages awarded were materially greater than the evidence would justify.

[8] From the record it would appear that the street was unlighted at the time of the accident, and was icy and slippery, and that there was a projection of about 4 inches, which was raised about 2 or 3 inches from the surrounding sidewalk (see Exhibit C), and was rounded off from the width of the crossing and connecting sidewalk. The record further shows that at the place where the accident occurred the city had long maintained a hole 18 inches to 2 feet deep, which at the time of the accident had accumulated ice and increased the danger of the situation; that there was a portion of the sidewalk raised 1 1-2 to 2 inches, which made a point sufficiently sharp to sever a tendon of the leg of a person falling on the point. If the walk had been level at this point, it is very probable that the plaintiff, in falling, would not have severed a leg muscle. It is held, in McLemore v. City of West End, 159 Ala. 235, 48 So. 663:

"If a city negligently fails to repair its streets, it is liable for injuries caused thereby, if the injury would not have occurred but for the defect and the person injured is not negligent. * * * The duty of municipal corporations to keep their streets and sidewalks in a reasonably safe state of repair for public use is too well established to admit of further controversy. * * * If a municipality has been negligent in the discharge of such a duty, and the person injured is not at fault, it is liable (according to the weight of authority) where the injury would not have occurred but for the obstruction or defect."

And "an unguarded and unlighted excavation in close proximity to a crosswalk may constitute negligence of a municipality, although the crosswalk itself is not defective." Hall v. Manson, 99 Iowa, 698, 68 N. W. 922, 34 L. R. A. 207. "And a city which permits a unguarded pit or excavation crossing a street to exist to the peril of travelers disregards one of its plainest duties and is guilty of negligence."

Sauthof v. Granger, 19 R. I. 606, 35 A. 300:

"The law does not prescribe specifically what shall be done to protect travelers from an obstruction in a highway, but it does prescribe generally that highways shall be kept reasonably safe and convenient for travelers at all times. This leaves the method of discharging the duty with the city or town authorities, subject * * * to the judgment of a jury, in case an accident happens, as to whether the method adopted or the thing done was a sufficient discharge of its statutory liability; * * * and * * * the judgment of the jury, unless * * * so clearly wrong that fair minded men could not honestly differ upon the question, * * * should prevail."

Taylor v. City of Cumberland, 64 Md. 68, 20 A. 1027: "Plaintiff while crossing a street was struck by a sled on which a number of boys were coasting. For several days, men, boys, and girls had engaged in the sport, but there was evidence that the sled which struck plaintiff was the only one on the street at the time, and that the police had been instructed to break up the sport, and were making vigorous efforts to do so. Held, that the city was liable, unless it had used ordinary and reasonable care and diligence to abate the nuisance, and whether it had done so was a question for the jury."

Larson v. City of Grand Forks, 3 Dak. 307, 19 N. W. 414: "The law of the case was correctly given by the court to the jury. In the charge, inter alia, we find: 'The defendant is a municipal corporation, and as such, empowered by its charter, through its officers, to provide for keeping the sidewalks clean and free from obstructions or accumulation, and to take charge of the streets in such city, and it is its duty to see that they are in a condition at all times that people may travel along the walk in perfect safety, and that there should be no obstructions to such travel,

and for this purpose it may levy and collect taxes to defray such expenses. * * * If the city officers, or those to whom this duty belongs and to whom it is assigned, neglect such duties, and a person is injured in consequence of such neglect, the city is liable for damages. This is in conformity with the act of this territory, which provides that every person who suffers detriment from the unlawful act or omission of another may recover, from the person in fault, compensation therefor in money, which is called damages.' * * * Was the respondent injured through the negligence of the appellant? * * * 'The general rule is that in reparation of its highways a municipal corporation is answerable in damages for a lack of ordinary reasonable care, * * * and it is held to the same rule of diligence which is expected of private persons in the conduct of any business involving a like danger to others; and whether it has exercised this degree of diligence is, in general, a question of fact for the jury, under proper instructions. * * * Whether the corporation had notice or was negligently ignorant is a question of fact for the jury. Notice will be inferred if the defect in the street or sidewalk has existed for a considerable length of time, or from the fact that the defect had existed so long as to render it notorious. * * *" Thomp. Neg. 761, 763."

The presence of this deep excavation adjacent to the line of the sidewalk, unguarded, must necessarily create danger to the pedestrians. Such a place must be held to be a nuisance to persons passing on the street, and becomes a question of fact from which the jury could infer liability against the city because of their failure to keep their walks in a reasonably safe condition.

We think the portion of the space in which the public had an easement was unsafe and dangerous. The maintaining of such a nuisance upon the streets and highways of the city, as shown according to this record in this case, clearly establishes the fact that they did not use that degree of care that the law implies should be used for the protection of its pedestrians and those traveling on public streets and highways. It is difficult to conjure up any excuse for such plain violation of a public duty.

We have carefully considered each and every assignment of error, and find they are all without merit.

POLLEY, P. J., and CAMPBELL, GATES and SHER-WOOD, JJ., concur in affirming the judgment and order appealed from.