**UNITED VERDE EXTENSION MINING CO. v. JORDAN et al. [*]**

(Circuit Court of Appeals, Ninth Circuit. August 2, 1926. Rehearing Denied September 7, 1926.)

No. 4746.

1. Nuisance ⬤⇒54.

Evidence *held* to warrant charge that defendant admitted that smelter smoke had caused some damage to crops.

2. Nuisance ⬤⇒54.

Where damage to crops by smelter smoke and by insects and disease was admitted, charge that jury should strike balance between two *held* proper.

3. Evidence ⬤⇒359(3)—In action for injury to crops, trees, and vines by smelter smoke, photographs of vegetables, vines, and trees on lands described in complaint held properly excluded.

In action for injury to crops, trees, and vines by smelter smoke, photographs of vege-

*Certiorari denied 47 S. Ct. —, 71 L. Ed. —.

tables, vines, and trees on lands described in complaint *held* properly excluded, where witnesses had testified as to condition of trees and vegetation.

**4. Evidence ⚖⇒358—In action for injury to crops, trees, and vines from smelter smoke, exclusion of maps purporting to show condition of plaintiffs' fruit trees two years after second year in which they alleged that trees had been damaged held not error.**

In action for injury to crops, trees, and vines from smelter smoke, exclusion of maps purporting to show condition of plaintiffs' fruit trees two years after second year in which they alleged that trees had been damaged *held* not error, though other maps were admitted showing location of farms and parts of area of orchards described in complaint.

In Error to the District Court of the United States for the District of Arizona.

Action by W. A. Jordan and others, copartners doing business under the firm name of W. A. Jordan & Sons, against the United Verde Extension Mining Company. Judgment for plaintiffs (9 F.[2d] 144), and defendant brings error. Affirmed.

Cornick & Crable, and Howard Cornick, all of Prescott, Ariz., Ellinwood & Ross and John M. Ross, all of Bisbee, Ariz., and E. S. Clark, of Phœnix, Ariz., for plaintiff in error.

Robert E. Morrison and Louis H. Bunte, both of Prescott, Ariz., for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This action for damages was tried with United Verde Copper Company v. Jordan et al., 14 F.(2d) 299. Reference to the opinion in that case will explain the nature of the action. Plaintiffs were the same; the damages sued for were in the same amounts, and are alleged to have occurred during the same period of time and to the same crops and upon the same property. Verdict was in favor of the plaintiffs and against this defendant in the same amount as in the other case. Defendant's smelter is about four miles from plaintiffs' lands, and had but one stack.

[1, 2] On the trial this defendant did not stand on its motion for a directed verdict, but introduced testimony tending to show that the damage to the crops, trees, and vines on the farms of the plaintiffs was in part caused by plant disease, insects, blight, and unfavorable soil and climatic conditions. Defendant did not attempt to deny that the smoke from its smelter spread over plaintiffs' lands and in-

jured the crops to some extent. On the contrary, some of the testimony of the defendant was that about one of the times when the smoke hung over certain of the lands described in the complaint there were smoke markings around the edges of the fields on the crops that had not been cut and upon some of the plants, vines, and fruit trees. The court was therefore correct in charging the jury that there was in effect an admission that the smoke had caused some damage, and also in stating that plaintiffs admitted that some damage, though very slight, was done by insects and disease. After stating such admissions the court added: "And your problem will be to strike a balance between them, based upon the evidence in the case, and determine for yourselves who is telling the truth and how far. Was a great part of the damage caused by smelter smoke? That is really the question, because, if you cannot decide that it was, that ends the case, save for the plaintiffs for nominal damages. Was the greater part of the damage caused by insects and disease, soil conditions, frost, lack of proper irrigation, and the like, as defendant contends, or where is the dividing line between the two? In the very nature of things, there can be no absolute positive proof." We think the instruction put the issue very clearly and directly.

[3] Defendant specified error in the exclusion of a number of photographs and maps which were offered. The photographs were of vegetables, vines, and trees in orchards on some of the lands described in the complaint. Inasmuch as witnesses had testified in detail as to the condition of the trees and vegetation, there was no abuse of discretion in excluding the photographs. Certainly they could not materially aid the jury in determining whether the vegetation was injured or the trees defoliated or damaged by smelter smoke or by insects and disease. 22 C. J. 921, 922.

[4] As to the maps, the record discloses that the court admitted two maps which showed the location of the farms in the Verde Valley, and parts of the area of a number of orchards described in the complaint. We cannot think there was error in excluding several other maps, which purported to show the condition of fruit trees in plaintiffs' orchards as of February, 1925, about two years after the second year in which plaintiffs alleged that the trees had been damaged. Monroe v. Bresee, 239 F. 727, 152 C. C. A. 561; Rodick v. M. C. R. Co., 109 Me. 530, 85 A. 41.

It follows that, for the foregoing reasons and those given in the case of United Verde

Copper Co. v. Jordan et al., supra, the judgment must be affirmed.

Affirmed.