996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John T. RICHARDSON, Mary L. Richardson, and J. Brett
Richardson, Plaintiffs-Appellants,
v.
Louis SULLIVAN, Secretary of the United States Department of
Health and Human Services; Nicholas Brady,
Secretary of the United States
Department of the Treasury,
Defendants-Appellees.
 No. 92-4209.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 This action arose out of a dispute over Social Security benefits. Plaintiffs are claiming a right to be paid their benefits in dollars measured by the pre-1972 gold standard rather than in Federal Reserve Notes. The district court denied relief.
 
 
 3
 Initially, Plaintiffs claim that the acts which purportedly removed the United States from the gold standard, the Par Value Modification Act, Pub.L. No. 92-268 § 2, 86 Stat. 116 (1972) (repealed 1976), and amendments to the Bretton Woods Agreements Act, Pub.L. No. 94-564 § 6, 90 Stat. 2660, 2661 (1976), did not in fact repeal the gold standard, which was formally codified at 31 U.S.C. § 314. Plaintiffs point out that these acts are not models of clarity, and they make reference to various tools of statutory construction, such as the maxim that repeals by implication are disfavored.
 
 
 4
 The purpose of statutory construction, however, is to ascertain the intent of Congress. The legislative histories accompanying these acts explicitly state what is inarguable from the economic reality of the last twenty years: Congress took the nation off the gold standard for most purposes in 1972, and for all purposes in 1976. Section 314 of Title 31 no longer appears in the official versions of the United States Code. To claim at this late date that, unbeknownst to us all, Congress never actually authorized the value of the dollar to float is to engage in an intellectual exercise divorced from the real task of discerning congressional intent. We see no basis for concluding either that the United States remains on the gold standard or that Congress intended that Social Security benefits be payable in any currency other than Federal Reserve Notes.
 
 
 5
 Plaintiffs further claim that, even if Congress intended to take the United States off the gold standard, such action is unconstitutional and void. The power to issue currency is granted under Article I, Section 8, Clause 5 of the Constitution, which states: "The Congress shall have Power ... [t]o coin Money, regulate the Value thereof, and of foreign Coin, and fix the Standard Weights and Measures." Plaintiffs cite Knox v. Lee, 79 U.S. 287 (1870), for the proposition that "Congress may [not] make anything which has no value--money." Id. at 313. Plaintiffs therefore argue that, without a fixed reference point in a commodity like gold, the dollar has no intrinsic value.
 
 
 6
 We cannot agree. The dollar may have fallen precipitously over the years, but even in these difficult economic times the dollar is not something "which has no value." We find no constitutional requirement that the value of the dollar be fixed. As the Supreme Court stated in Juilliard v. Greenman, 110 U.S. 204 (1884):
 
 
 7
 Under the power to coin money and to regulate its value, Congress may ... issue coins of the same denominations as those already current by law, but of less intrinsic value than those, by reason of containing less weight of the precious metals, and thereby enable debtors to discharge their debts by the payment of coins of the less real value.
 
 
 8
 Id. at 215.
 
 
 9
 Finally, Plaintiffs argue that issuing currency that is not fixed to a commodity like gold violates penumbral rights emanating from the preamble to the Constitution as well as various other provisions of Article I, and the Fifth, Ninth, and Fourteenth Amendments. We have examined these arguments and find that they are without merit.
 
 
 10
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3